## AUGUST FISHER

*v.*

## HENRY SMITH.

1. FORCIBLE DETAINER — *an assignment of lease.* The action of forcible detainer will lie in favor of the purchaser of the fee of the demised premises, from the landlord, as the grantee, in such a case, succeeds to all of the rights of the landlord, by operation of the conveyance.

2. LEASE—*forfeiture for non-compliance with covenants.* Where a lease provided for payment of the rent on a specified day, and at a place named, before a forfeiture can be declared for non-payment of rent, a demand should be made at the time and place, or, if not, the tenant will have the ten days named in the statute after notice given to pay the rent, and prevent a forfeiture, and an offer to pay the rent at the place specified in the lease, on the day after it falls due, will save a forfeiture.

3. SAME—*waiver of right to pay rent at the place named in the lease.* Where a lease named a place for the payment of rent, and the landlord demanded it on the premises, on the day it fell due, and the tenant promised to call on the land-lord and pay it the next day, and being again called upon at the premises, for the rent, the next day, and the tenant then refused to pay the landlord any rent, but afterwards, on the same day, offered to pay it, at the place named in the lease, but there being no person there authorized to receive it: *Held,* That the land-lord might elect, under the terms of the lease, to declare the lease forfeited, and give the requisite notice, and that the tenant could not urge the offer to pay the rent, thus made, at the place named in the lease, to prevent a forfeiture; but he must be held to his waiver, and his declaration, that he would not pay the rent unless he should tender the money to the landlord before the ten days had expired.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion states the case.

Mr. JOHN LYLE KING, for the appellant.

" When a man has made a declaration or a representation, or caused, or in some cases not prevented, a false impression, or done some significant act, with the intent that others should rely and act thereon, and upon which others have honestly relied and acted, he shall not be permitted to prove that the representation was false, or the act unauthorized or ineffectual, if injury would occur to the innocent party who had acted in full faith in its truth or validity." 2 Parsons on Contracts 793.

Messrs. RUNYAN & AVERY, for the appellee.
24—48TH ILL.

There must be a demand made, in writing, for the possession of the premises, aside from the notice of default, before this action can be maintained. Revised Statutes, sec. 1, 256.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of forcible detainer, brought by August Fisher, before a justice of the peace of Cook county, against Henry Smith, to recover the possession of a house and lot on Desplaines street, in the city of Chicago. It was admitted that Charles B. Farwell, on the 1st of September, 1866, conveyed the premises to appellant. It appeared from the evidence, that in June of that year, Farwell leased the premises to appellee, the term commencing on the first day of July following, and ending on the 1st of May, 1867, at thirty dollars per month, payable monthly, and in advance, at the office of J. Gunzenhauser, Farwell's agent. The lease contained a condition, that if the rent should be unpaid when due, or default should be made by appellee in the performance of his covenants, Farwell, at his election, might declare the term ended and re-enter, with or without legal process, and expel appellee, or other occupants, using the necessary force for that purpose.

Appellee covenanted, that if the term should be thus ended by Farwell, he would surrender the possession peaceably, and if he should not, he should be deemed guilty of a forcible detainer under the statute, and liable to eviction, forcibly or otherwise, with or without process of law. The lease also provided that its terms and conditions should extend to, and bind, the heirs and assigns of the respective parties. It also appears that a short time after Farwell conveyed the premises to appellant, he likewise assigned the lease to him, by indorsement executed by Gunzenhauser, his agent.

It appears that appellee, on the second day of November, 1866, tendered the rent, at Gunzenhauser's office, but it was

not received; that appellant had, on the day previous, on which the rent fell due, demanded it of appellee, at his house, when he promised to call and pay it the next morning. On the next day, appellant again called on appellee, for the rent, when he said he would not pay it to him. Appellant then had a notice served to quit in ten days, and that he had elected to terminate the lease, which was served on the third of November.

It is admitted by appellee, that appellant succeeded to all the rights of Farwell, by force of the conveyance and assignment; but it is insisted that he was not in a position to declare a forfeiture, as he did not, by himself or agent, demand the rent on the day it fell due, at the office of Gunzenhauser, and, as appellee had tendered it, at that place, on the day after it fell due, and before steps were taken to declare a forfeiture.

Appellee had, by the terms of his lease, fixed the place where he would pay the money for the rent, as it fell due. And there can be no question, that he had the right to fulfill the contract as he had made it; neither could Farwell, or appellant change the time or place for its payment, without the consent of appellee, any more than they could any other portion of the lease. And there seems to be no question but that appellee tendered the money at the place specified in the lease, and if there was no person there to receive it, the fault was not his. He offered the money at the place fixed for its payment, and although not on the day it fell due, still before the other party attempted to declare a forfeiture. Under the act of 1865, p. 107, we held in the case of *Chadwick* v. *Parker*, 44 Ill. 326, that, although the landlord might give the notice of an election to declare the lease forfeited, still the tenant would have the ten days named in the statute to make payment and prevent a forfeiture. In this case, he tendered the money at the place where it was payable, even before the notice of an intention to declare a forfeiture was served upon him.

It is, however, insisted that, although appellee had, by the terms of the lease, reserved the right to pay the rent at a particular place, he waived the right to insist upon his offer to pay at that place, by promising appellant, on the day it fell due, that he would call upon him the next morning and pay it; and also, by refusing to pay appellant any rent on the next day, when again called on for it, and before he offered to pay it at the office of Gunzenhauser. Good faith and fair dealing among men must be observed and enforced. When he promised to call upon appellant and pay the money, appellee, as he had the unquestionable right to do, waived his right to insist upon paying the money at the place named in the lease. Appellant had the right, then, to rely upon the sincerity of his promise, and to dispense with a demand at Gunzenhauser's office, at least until notified by appellee that he would pay it at that place. He had no right to mislead appellant as to his rights, nor can he complain if appellant believed him, and acted upon his declarations.

Having unqualifiedly refused to pay the rent to appellant, when he again called to demand it, after he had promised to call and pay it, he must not complain if appellant took him at his word, and failed to make a demand at the place named in the lease, or that he proceeded to declare a forfeiture, inasmuch as he did not notify appellant of a change of intention. Appellee could not repudiate appellant's right to receive the rent, and afterwards secretly offer to pay it at the place named in the lease, to persons not authorized to receive it, when, by his own acts, he had prevented appellant from being there, or having an agent there to receive the money. To so hold, would be unreasonable and unjust. It would operate as a fraud upon appellant. Had appellee intended to execute his covenants in the lease, literally, he should have insisted .upon, and not waived them, or misled appellant to believe that he had, or that appellee did not recognize appellant's

rights under the lease, and then by a mere trick attempt to gain an unfair advantage.

Appellee might, no doubt, have prevented a forfeiture by paying or tendering the money, and costs incurred in serving the notice, at any time before the expiration of the ten days after its service, but this he failed to do, and has no right to complain.

The judgment of the court below must, therefore, be reversed and the cause remanded.

*Judgment reversed.*