## O. M. Sizemore, Appellee, v. John McDaniel, Appellant.

### Gen. No. 7,889.

DAMAGES—*measure for breach of covenant against incumbrances.* The measure of damages, in an action by a grantee of realty against his grantor based upon a breach of the grantor's covenant for possession and the exclusive right thereof, resulting from the continued occupancy of a tenant of the premises claiming rights under an agreement with the grantor, is the difference, if any, between the purchase price and the depreciated value of the premises in consequence of the incumbrance created by the agreement with the tenant.

Appeal by defendant from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed December 31, 1925.

WILBUR H. HICKMAN and ACTON, ACTON & SNYDER, for appellant.

O'HAIR, McCLAIN & BRISTOW, for appellee.

MR. JUSTICE CROW delivered the opinion of the court.

Sizemore brought suit in assumpsit against McDaniel, filing two special counts and the common counts. The special counts are substantially the same. For the purpose of the disposition of the case it is necessary at this time only to state the substance of the first. It avers that plaintiff contracted with defendant for the purchase of certain real estate for the price of $6,100 and that defendant conveyed it to plaintiff by warranty deed dated March 19, 1924; that at the time of the purchase and conveyance, defendant promised and agreed, in consideration of the purchase price, to deliver possession of said premises to the plaintiff on or before May 1, 1924, free and clear of any lease;

that the defendant failed and neglected to deliver up possession of said premises to the plaintiff and thereby the plaintiff was deprived of the use and rents and profits from said premises to the damage of the plaintiff in the sum of $2,500.

Attached to the declaration was a statement of account under the several money counts and a statutory warranty deed, warranting and conveying a city lot in the City of Paris to the plaintiff. Defendant filed a demurrer to the declaration upon which the trial was had. It was overruled and defendant filed two pleas, the general issue in assumpsit and a plea of the statute of frauds. Upon this state of the record the cause was tried by a jury which returned a verdict for plaintiff in the sum of $800. Motion for new trial having been overruled, judgment was rendered for the amount of the verdict and for costs and this appeal followed.

It appears from the evidence that at the time the conveyance was made the premises were occupied by tenants. Plaintiff knew the fact. He made no inquiry of anyone in possession as to the nature or extent of their tenancy. He asked McDaniel as to the nature of the tenancy and testified McDaniel told him there was no lease on the premises, that the tenants rented "a month at a time," and that he would get possession the first day of May. He further testified McDaniel said: "I will give you possession. I want the April rent. When you get the money we will go get the deed." He delivered to defendant the checks for the property and defendant said to him, "the first day of May I will have the building for you." He also told plaintiff that to get the tenants out he might have to take it through a justice of the peace court. Plaintiff began the construction of the walls of a building on the lot and was stopped by Dawson, a tenant of the premises. The agreement or understanding between plaintiff and defendant was that defendant was to have the rent for

the month of April and that he would pay the taxes. Defendant seems to have brought two unsuccessful forcible entry and detainer suits against Dawson. These facts are stated as favorably to appellee as the record justifies.

We are of the opinion that the disposition of the case depends upon the determination of the assignment of error in giving the following instruction:

"The Court instructs the jury that if you believe from the preponderance of the evidence in this case that the plaintiff purchased from the defendant certain real estate, and the defendant agreed to give possession of said premises upon a stated time after the delivery of the deed, and possession of the premises was not delivered up to the plaintiff in accordance with the agreement to deliver possession, if any has been shown, then you are instructed that the plaintiff is entitled to recover for the fair cash rental value of said premises from the time possession was promised up to the time the plaintiff obtained possession."

By section 14 of chapter 80, Smith-Hurd's Statutes [Cahill's St. ch. 80, ¶ 14], the grantee in the deed succeeded to all the rights and remedies by entry, action or otherwise, for the nonperformance of any agreement in the lease, or for the recovery of any rent or cause of forfeiture as his grantor might have had if the title had remained in him. If Dawson was in possession of the premises under a contract with McDaniel, Sizemore succeeded to all of McDaniel's rights as well as his obligations with regard to such tenancy. The suits brought against Dawson by McDaniel after the conveyance to Sizemore were ineffectual, if for no other reason, because he had no right he could legally assert against Dawson. *Thomasson v. Wilson*, 146 Ill. 384; *Fisher v. Smith*, 48 Ill. 184. All such rights, namely, the reversion at the expiration of the tenancy, had passed by his conveyance. The conveyance by which the reversion passed was the statutory war-

ranty deed.  By section 8 of chapter 30, Smith-Hurd's Statutes [Cahill's St. ch. 30, ¶ 8], it operated as a conveyance to the grantee in fee simple of the real estate described.  It also operated as a covenant that at the time he executed and delivered it he was seized of an indefeasible estate in fee simple in the premises; that they were free from incumbrances; and that he warranted to the grantee the quiet and peaceable possession of such premises.  Those covenants were obligatory upon him, his heirs and personal representatives as fully and with like effect as if written at length in such deed.

Granting, but not deciding, because the question is not presented, that an action of assumpsit will lie for the breach of the covenant against incumbrances, the theory of plaintiff's case rests on the averment that the premises conveyed were occupied by a tenant under a demise of some sort from the grantor and for that reason the grantee was excluded from the enjoyment of the premises.  Viewed as a mere breach of a term of the conveyance, damages are demanded for it. The broken term was that covenanting possession and right to possession against the world.  The lease, whether for a month or for a number of months, was an incumbrance upon the premises, upon plaintiff's theory of his rights.  The measure of damages for the breach is the difference between the purchase price and the amount of their depreciation in value, if any, because of the incumbrance.  *Eppstein v. Kuhn*, 225 Ill. 115 (124).  The measure of damages stated in the instruction given on that subject was not the correct one.  There is no reason for plaintiff recovering from his grantor "the fair cash rental value of said premises from the time possession was promised up to the time the plaintiff obtained possession."  If the tenant had a valid leasehold right in the premises, the vendee had the legal right to recover the rentals after the first of May.  He agreed that his grantor should

have them up to that time. He was entitled to them afterward. The law does not look with favor upon the demand of one who stands supinely by and, knowing another is in possession of property he is paying for, makes no inquiry as to the right of him in possession. Possession is notice to beware of the possessor's rights.

We are of the opinion the court erred in giving the instruction complained of and in not granting a new trial on the ground the damages are excessive. The judgment is reversed and the ca⟨ remanded.

*Reversꞇ and remanded.*