Judge Underwood
delivered the Opinion of the Court.
Boyce purchased from Shreive and Co., a tract of land, including a forge, and was put into possession. After-wards, as it may be inferred from the evidence, he contracted with them, by parol,, for a parcel of land adjoining his former purchase.
Shrieve and Co. owned three adjoining tracts, which may be designated by the names of the individuals from whom he purchased: to wit, Johnson, Young and May. It was the Johnson tract they first sold to Boyce.- The subsequent parol contract embraced a part of the Young tract.
After the parol contract with Boyce, Shrieve and Co. sold to Blake &c. the Kentucky Steam Furnace and all the lands pertaining thereto. This sale included the May tract, and likewise the Young tract, as Blake &c. contend. Boyce, however, insists that a part only of the Young tract was sold to Blake &c., and that a line was run and marked, for the purpose of designating the boundary of the land sold by Shrieve and Co. to their vendees. Up to this line, so run, Shrieve and Co. conveyed to Blake &c., arid put them in possession.
*128 Boyce, under his parol contract, claimed the land up to the line run, as the.boundary of the land sold to Blake &c. ; and the only question in the case worthy of consideration, is, whether Boyce had possession in fact of the land embraced by the parol contract, so as to enable him to. maintain a warrant of forcible entry and detainer against Blake &c., who had removed a cabin across the division line as run,' and taken possession on the side claimed by Boyce.
If Boyce, after the purchase of the Johnson tract, had acquired title to an adjoining parcel -of land by deed, then his possession in fact would be extended to the limits of the additional parcel, upon the principles recognised in the case of Cates vs. Loftus’ Heirs, 4 Mon. 442. Should this doctrine apply, so as to enlarge a possession in fact to the limits prescribed in an executory parol contract ? We see no reason why it should not. Here Shrieve and Co. were in fact possessed of the three tracts. The evidence conduced to prove, that they had sold, and put Blake &c. in possession of, the May tract, and so much of the Young tract as lay east of the dividing line, run and marked by the surveyor ; and that the possession of the residue of the Young tract, and the whole of the Johnson tract, had been transferred to Boyce. Whether the transfer to Boyce was by parol, or'by deed, was a matter which, it seems to us, Blake &c. had no right to enquire into. The only proper enquiry was as to the matter of fact. Did Shrieve and Co.- transfer the possession, or authorize Boyce to take possession, up to the marked line, on the west side ? And did Boyce actually enter upon the land within the Young tract, claiming to hold up to the dividing line, and intending to annex the land included in the parol contract, to the Johnson survey, and to extend his possession to the boundary of the parol contract ? If the jury upon the evidence could answer these questions in the affirmative, .and if thereafter Blake &c. moved the cabin across the line, it amounted to a forcible entry upon the possession of Boyce ; for which he might sue put his warrant.
impl0vement.'or enclo^óenabíet plaintiff to main forcible Wentry and detainer.
It does sot require an actual improvement or enclosure to enable the plaintiff to maintain his warrant of forcible entry and detainer, as was decided in the case of Wall vs. Nelson, 3 Litt, 398.
The instruction given by the court was contrary to the foregoing exposition of the law.
Wherefore, the judgment is reversed, with costs, and the cause remanded for a new trial.