Judge Underwood
delivered the Opinion of the Court.
Yoder, in his life time, leased a tenement to Lawson, to hold until the 1st of March, 1832. In the fall of 1831, Lawson sold his crop and the residue of his term to Rogersson, and moved. Rogersson put fodder in the house, and shut it up. He went to see Yoder, and informed him of the contract with Lawson, and that he Rogersson was to pay the rent; to all which Yoder assented. Upon Rogersson’s return, he found his fodder thrown out of the house, and Easley with a bed in it, claiming possession of the premises as his own.
Yoder died on the 7th of April, 1832. On the 10th of April, 1833, his heirs sued out a warrant of forcible entry and detainer against Easley. The jury found against them, and they traversed the inquisition. Upon the trial of the traverse, the circuit court instructed the jury, on the foregoing facts, to find for Easley.
The heirs of Yoder are entitled to the remedy, pro- ' vided he would have had it, were he now living. Turly vs. Foster et ux. 2 Marsh. 204. The question therefore is, whether a landlord can maintain a warrant of forcible entry and detainer against the disseizor of his tenant, after the expiration of the lease.
Two years did not run, from the entry of Easley, previous to the suing the warrant. Consequently, he is not protected by the limitation provided in the 15th section of the act regulating proceedings in cases of forcible entry and detainer.
In the cases of Pogue vs. McKee, 3 Marsh. 128, and Prewitt vs. Durham's Executors, 5 Mon. 18, it was decided, that this remedy for forcible entries, was given by *246 the statute,- u to him alone who at the time of the entry had the possession in fact.” As the possession in fact was'in Yoder’s tenant, or subtenant, at the time of Easley’s entry, and as the lease had not then expired, there can be no doubt of the right of the tenant or subtenant to maintain the warrant for a forcible entry. If Yoder may likewise sue after the lease expires, and when the tenant has not sued, during the continuance of the lease, it can only be by substituting Yoder for his tenant, and considering the possession in fart of the tenant, as the possession in fact of Yoder. We were inclined to give the landlord, alter the expiration of the lease, all the remedy under the statute, which his tenant might have used to regain the possession from a disseizor, and to think the substitution of the landlord to the tenants right of action in such case, might be sustained by analogy to the doctrine which substitutes the heir and confers on him all the rights of the ancestor; but on mature reflection, we are constrained to give up first impressions. The forcible entry on the possession in fact of a tenant, is a personal wrong, a tori, clone to him aIone. He is responsible to his landlord, upon the contract which he may make for the restoration of possession at the termination of the lease, and the landlord must look to that responsibility, instead of instituting suits in his own name, for wrongs done the tenant. The rights of the tenant to sue do not descend on the landlord, upon-the termination of the lease,, in the same manner which the rights of ancestors' do, in many cases, upon their heirs. It would be establishing a new principle to transfer the tenant’s right, to his landlord. The powers of legislation are not ours.
Those provisions of the statute, which afford remedy against tenants holding over, do not apply between the landlord and the disseizor of his tenant.
The instruction of the court was correct. Wherefore the judgment is affirmed, with costs.