Chief Justice Robertson
delivered the Opinion of the Court.
Quertemus complains that the Circuit Court erred to his prejudice, in rendering a judgment for restitution of a house and field in his possession, as the tenant of one Randall, and for which there had been a finding against him, in the country, on a warrant by James D. Breckinridge, complaining of a forcible entry.
It appears that Breckinridge, having given a written authority to one Nevil, to take and keep possession of *126 the premises for him, and having, also, agreed that he might occupy and use them for a year, upon reasonable rent — the latter had entered and obtained the possession of the field from a person who was occupying it— but under whom or what title does not appear; that this occupant refusing to surrender the house, unless he should be paid for some improvements, Randall, who seems to have had a claim to the land adverse to that of Breckinridge, paid him his price and obtained the possession of the house, and then erroneously or fraudulently convincing Nevil, that Breckinridge’s claim did not include either the house or any part of the field, obtained a surrender from him of the field also; and after-wards, having rented the house and field to Quertemus, Breckinridge, before the expiration of a year from the date of his contract with Nevil, had his warrant issued, in his own name, for a forcible entry by Quertemus.
The warrant was for a forcible entry upon a house and field; at the time of the alleged intrusion there was a tenant in the house; who gave it up to def’t upon being paid for his improvements; but there was no proof to show under whom the tenant entered—whether under plt’for def’t or neither: held that, a judg’t of restitution of the whole premises, including the house, cannot be sustained upon this proof, such evidence alone would not support a warrant for a forcible entry.
Upon these facts, and others “conducing (as the record states,) to prove that Breckinridge had been a long time in possession”—there are at least two objections to the judgment, which seem to us to be insuperable.
First. Although, without any other proof of the object or character of the possession by Nevil, than the constructive effect of the authority in writing, of which we have spoken, it should be deemed that of Breckinridge, in fact: yet the parol agreement (not at all inconsistent with it,) that Nevil should have a right to use and enjoy the premises for a year, and should pay rent; unexplained, as it is, cannot be judicially construed otherwise than as making him the tenant of Breckinridge. And therefore, when Randall entered, Breckinridge was not in possession in fact; and consequently, if the entry by Randall, or that by Quertemus, should, on account of the manner of it, be deemed forcible, according to the spirit of the statute; still, as it was an intrusion on the actual possession of Nevil, he alone could have maintained a warrant for a forcible entry. Yoder’s Heirs vs. Easly, 2 Dana, 245. If Breckinridge might, after the expiration of the year, have maintained a warrant for a forcible detainer, on the ground that, as Nevil had no authority to yield the possession to Randall, and therefore *127 the latter and his sub-tenant should, as Nevil’s successor be constructively deemed to be the tenants of Breckinridge—nevertheless, as there was no entry by either of them on Breckinridge’s possession in fact, he could not sustain a warrant for a forcible entry.
Second. Even if the order for restitution of the field could be approved, there was no title to restitution of the house; because there is no proof that either Breckinridge or Nevil, as his agent, was in the actual possession of that, when either Randall or Quertemus entered, It does not appear that the person who yielded the house to Randall, was the tenant of Breckinridge; and if he had been, a warrant for a forcible entry was not the appropriate remedy for obtaining restitution.
Although, therefore, two verdicts and the opinion of the Circuit Judge have sanctioned this proceeding, we feel constrained by the law and the facts of the case, to reverse the judgment, and remand the case for a new trial.