Judge Hise
delivered the opinion of the Court.
In September, 1850, the plaintiff, William Hudgén, sued out a warrant of forcible entry and detainer against Isaac Temple, which was served, and a trial had on the premises. The jury found the defendant hot guilty.— The plaintiff traversed the inquisition, and in the trial in the Circuit Court of Anderson county, the inquisition was sustained by the jury, and there was verdict and judgment for the defendant.
The plaintiff has brought the case into this Court, The record presents the following state of case: The *199 plaintiff having recovered, in the Anderson Circuit Court a judgment'in ejectment by default, against one John Riley, for a boundary of laud on Salt river, containing about 2500 acres — was through his authorized agent, placed in possession of the whole tract, by the sheriff of the county, in virtue of a writ of Habere facias, issued on said judgment on the 24th September, 1849. The sheriff so delivered the possession of this land to the plaintiff, through his agent, G. B. Taylor, by expelling froma cabin thereon, one William Southern and Elizabeth Wood, by whom it was then occupied, and placing said Taylor in possession of the cabin, and of the whole tract, on the 2d of October, 1849. At which period, and for two or three-years previous, there was, and had been no other person in the actual possession of the land, except Southern and Wood, who were turned out by the sheriff, and John Riley, the defendant in the action of ejectment, wbo upon notice being served upon him, abandoned the possession of the said cabin and went off the land. On .the same day, to-wit: on the 2d of October, 1849, the plaintiff by his said agent, Taylor, leased the land to Southern and Mrs. Wood, and they return,ed immediately into the cabin, as the tenants of the plaintiff, upon a contract to pay three dollars rent, not to cut themselves or suffer others to cut timber on the 2500 acres of land, and binding themselves to deliver the whole 2500 acres of land, to the plaintiff, or his agent, by the 25th of December, 1849. Whilst these persons were thus as tenants of the plaintiff, in possession of the land, Temple, the defendant, on the 15th of October, 1849, moved into another house about half mile distant from the cabin, and took up his residence therein, under the claim of Jordan, his father-in-law, who had set up a claim to 500 acres of land by metes and bounds, including the house into which Temple had entered, and which house, and perháps the whole or a greater part of Jordan’s claim was embraced within the boundary of land the possession of which, had been delivered by the sheriff *200 to the plaintiff’s agent. Temple continued to reside in this house, and the said Southern and Wood in the said cabin, as the tenants of the plaintiff, until April, 1850, when they abandoned the possession, and a few days afterwards it was consumed by fire. Temple has continued in possession of the House which he had entered in October, 1849. And this proceeding was instituted againsfhim by the plaintiff, for a forcible entry and de-tainer. . It is in proof, that Riley, the defendant in the action of ejectment, entered under Patrick Jordan, who claimed 200 acres of land on which said cabin was situated,.and which was wholly covered by the plaintiff’s claim, and when Riley abandoned the possession, and Wm. Southern and Elizabeth Wood entered, it is to be presumed that theirpossession extended no farther than the boundary of Pat. Jordan’s 200 acre claim, which did not conflict with the 500 acre claim' of his father, on which Temple entered. It is proven, that in August, 1849, Temple commenced repairing and improving the house to make it habitable, and moved in after it was prepared. If, therefore, it is considered that entering the premises and being engaged in working upon the house and repairing the same, with the intention when completed, of moving in with his family, gave Temple a legal entry and actual possession in fact of the house and the 500 acre tract of land claimed by his father-in-law, in such case, that proceeding could not be maintained against him by the plaintiff, because the possession of this claim had not been delivered to him or his agent, at the period of Temple’s entry, in August, 1849, and he, the plaintiff, had no possession at that time, either actual or constructive, of the whole or any part of his boundary of land, the possession of which, had not been delivered to his agent by the sheriff, until the 2d of October, 1849. And if Temple is to be regarded as having entry and possession in August, 1849, then inasmuch as he entered upon the 500 acre tract claimed by his fatber-in-law, and under him be could not be deemed guilty of a forcible entry even up *201 on the possession ,of Southern and Mrs. Wood, who then occupied the cabip and premises which had been abandoned by Riley, under and within the ' 300 acre claim of Pat. Jordan, adjoining to, but not conflicting with the 500 acre claim of his father. If, however, it is determined from the proof that Temple entered and took possession of the house and land claimed by his father-in-law, at any time between the 2d of October, 1849, and the month of April, 1850, it must then be deemed a forcible entry upon the possession, in fact of Southern and Mrs. Wood, who were then actually occupying the whole claim of plaintiff as his tenants, under contract to pay rent, to prevent waste, and to redeliver possession on the 25th of December, 1849.
The landlord whose tenant, is entered upon, cannot maintain the wiit of forcible entry and de-tainer. it is on ly the person who is actually possessed and entered upon, that can maintain the writ.
: Forcible entry and detainer can not be maintained by the landlord whose tenant has been entered upon, even though the term of the tenant has expired, and he has left the prem ises before the warrant brought.
*201 If Temple entered after the 2d of October, and before the 25th of December, 1849, it was upon the possession in fact, of the tenants of the plaintiff, whose term had not expired, and who alone could maintain this proceeding for such forcible entry. So, likewise, if Temple entered after the expiration of the term of the said tenants, but whilst they still continued upon the plaintiff’s land, and before they delivered back the possession to the plaintiff, it would still be but a forcible entry upon them or upon their actual possession, and they alone, and not the plaintiff, in such case, could maintain this proceeding for a forcible entry. Although the tenants by holding over their term, are guilty of a forcible detainer of the possession from their landlord, and might by this proceeding, at his instance, be compelled to restore the possession to him, yet a forcible entry in the meantime, upon the premises in the actual possession of the tenants, though after the expiration of their term, is a forcible entry upon them and not upon the landlord, who has not yet regained the possession in fact from his tenants.
But in this case, it is believed from the proof, that Temple entered after the commencement, and before the expiration of the term of the plaintiff’s tenants, and as he was guilty of a forcible entry upon the pos *202 session In fact of the tenants of the plaintiff and not upon his possession; althongh the warrant in this case, was not issued until after the tenants term had expired, and they had themselves abandoned their possession. Yet the landlord, the present plaintiff, cannot maintain this proceeding, and must fail—because, 1st, Temple never was guilty of a forcible entry upon the possession in fact of the plaintiff, nor is he guilty of a forcible de-tainer of a possession of land acquired from the plaintiff, and held or detained contrary to any engage, ment with him. The law has been thus settled by this Court heretofore, in the ease of Yoder's heirs vs Easley, (2 Dana, 246,) and it has been frequently decided in other cases that this summary remedy for forcible entries was allowed by the statute to that person only, whp at the date of the entry had the possession in fact of the premises entered upon.
Harlan for plaintiff; Kavanaugh for defendant.
Therefore, the Circuit Court did not err in giving the instructions asked by the defendant, or in qualifying that asked by the plaintiff, and the judgment is affirmed.