## Irvin McCartney

### *v.*

## John McMullen.

1. Forcible entry and detainer—*possession required.* In an action of forcible entry and detainer the plaintiff, to recover, must show that he had the actual possession of the premises; a mere construction entry such as the fee simple title draws to it, is not sufficient.

2. Acts which indicate an assertion of ownership, do not constitute a possession that will support an action of forcible entry and detainer.

3. Same—*title not involved.* The action of forcible entry and detainer does not involve the trial of title.

4. Same—*possession and entry, only, involved.* Payment of taxes, nor ownership of the premises, tend to prove any issue in this action; the whole question being one of actual possession and a forcible entry.

5. Instructions. An instruction which selects one or two of the facts in a case, insufficient to sustain a verdict, is objectionable. The jury should consider all the evidence, without having their attention specially called to portions of it.

6. It is not error for a court to refuse an instruction which repeats legal principles before announced.

Appeal from the Circuit Court of Warren County.

The opinion states the case.

Messrs. Harding and Ripley, for appellant.

Mr. A. G. Kirkpatrick and Mr. J. H. Stewart, for appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action of forcible entry and detainer tried before a justice of the peace and appealed to the Circuit Court. On a trial in that court, a verdict was found for, and a judgment rendered in favor of plaintiff below, to reverse which this appeal is prosecuted. Although several errors have been assigned we only propose to consider that overruling the motion for a new trial. In support of that assignment of error it is insisted that the evidence fails to support the verdict. In this form of action, the plaintiff, to recover, must show that he had the actual possession of the premises upon which the forcible entry is alleged to have been made, and a mere constructive entry such as the fee simple title draws to it is not sufficient. The action does not involve the trial of title, but simply whether plaintiff had possession, and it has been forcibly invaded by the defendant and detained after the entry.

The evidence shows that the land in controversy was, at the time appellant entered, uninclosed, no person residing on it, nor was any part of it in cultivation. Nor was there any thing connected with the property which indicated to the public that any one claimed to be in possession. To prove actual possession, it was shown that appellee and his tenants were seen hauling wood from the direction of this tract, but it also shows that in going from his farm to a timber tract which he kept for the use of his farm, he had to pass these premises, and for aught that appears the wood may have come from the timber tract. It also appears that the timber on this tract was not suitable for farm purposes. But if it had appeared that the wood had been taken from this land, still that would not have constituted possession. Nor does the proof of the fact that his tenant got two loads of wood from the land in 1857, and his brother, the three trees in 1861, prove actual possession. It may prove claim of title, or it may prove a trespass, neither of which constitutes occupancy. It was also proved, that all

the improvements previously made on this land had been removed, or gone to decay. We are therefore of the opinion, that the evidence fails to prove an actual possession.

In the case of *Broomfield* v. *Reynolds*, 4 Bibb 388, which was under the Kentucky forcible entry and detainer act, which is substantially the same as ours, the Court of Appeals held, that when a person had fenced a piece of ground and built a house on the same, and leased it for a term of years, and before the term expired the landlord purchased the unexpired term, but did not occupy the house or cultivate the ground; a part of the fence having been removed, with a view to connect it with a new fence which the owner was about to erect, he residing within a quarter of a mile of the premises, it would warrant the jury in finding it to have been an actual possession, and would authorize a recovery. Again, in the case of *Stewart* v. *Wilson*, 1 A. K. Marsh. 255, the court say, that to have authorized a verdict for the plaintiff, proof of his having been possessed in fact of the land, upon which the forcible entry is alleged to have been made, should most indisputably have been made. Having failed to make that proof, the court held the finding for the plaintiff wrong, and reversed the judgment of the court below.

In the case of *Chiles* v. *Stephens*, 3 A. K. Marsh. 347, the court held that there might be a possession, without the plaintiff being on the land when the entry was made. On the English and American authorities, the court held, that the right of entry was not in question in this form of action, but simply the possession. In that case a tenant gave notice to his landlord that he would surrender possession, on a specified day, and in accordance with the notice removed from the premises, but the landlord failed to attend. Afterwards the landlord's agent went on the place, laid up the fences, laid the foundation for a house, and burnt a plant bed. The defendant whilst no person was residing on the place moved in and occupied the premises. The court on this evidence found that

the jury were warranted in finding a verdict in favor of the plaintiff.

In the case of *Boyce* v. *Blake*, 2 Dana, 127, it was held that a person in possession of a part of a tract might maintain forcible entry and detainer against a person entering upon the unimproved portion of the tract. The court say that there are cases which do not require an actual improvement or inclosure to enable the plaintiff to maintain the writ of forcible entry and detainer. In the case of *Yoder* v. *Earley*, 2 Dana, 245, it was held that the writ is given to him only who at the time of the entry had possession in fact, and if a tenant or sub-tenant is disseized, he, and not the landlord, has the remedy. These cases appear to have proceeded upon the most liberal intendments in favor of possession that have been indulged. But they do not intimate that any thing short of a *pedis possessio* can be held to support this action. And it is believed that no well considered case can be found which announces such a rule. Tested by these cases the evidence fails to support the verdict in this case.

It is likewise insisted that the jury were misled by the instructions of the court. They were informed by appellee's sixth instruction that the "payment of taxes by plaintiff, on the land in controversy, is an act which tends to show the good faith of the plaintiff, and in connection with any other acts of ownership which he may have proved in connection with the land, is a proper matter of consideration with the jury in making their verdict; but the payment of taxes can in no sense be considered as an act of possession." This form of instruction is objectionable even when we can not see that is certainly erroneous, as to select out one or two facts in a case entirely insufficient to sustain a verdict, and call the especial attention of the jury to their particular consideration is well calculated to induce them to give undue weight to such facts. The jury are required to give due weight to all the testimony in the case, and they should consider all of the evidence without having their attention specially called to particular portions of it.

In this case, however, the instruction is wrong. It asserts that the payment of taxes in good faith in connection with acts of ownership is proper for the consideration of the jury. In this form of action it is not perceived that payment of taxes on the land tends to prove any issue in the case. Nor does ownership. The whole question is one of actual possession, and a forcible entry upon that possession, and not of payment of taxes or of mere acts of ownership not amounting to actual possession. But the jury very probably understood from this instruction that if the plaintiff had paid taxes in good faith and did acts indicating ownership they would be warranted in finding a verdict in his favor. Possession is a fact that is in no just sense dependent on payment of taxes whether in good or bad faith, or upon acts of ownership not constituting possession. The assertion of ownership may be as complete when wrongful as when rightful, without as with ownership. There are acts which imply an assertion of title which do not constitute actual possession. The recording of title papers, the offer to sell or lease the land, the sale of timber or stone, the bringing of suits to recover for trespasses, the license of other persons to take wood, stone or coal from the premises, are all acts which indicate an assertion of ownership, but none of them, or even all of them will not constitute a possession that will support a forcible entry and detainer. Yet this instruction informs the jury that any of them in connection with payment of taxes may be considered in forming their verdict.

It is also insisted that the court erred in refusing to give appellant's instructions numbered from one to six, inclusive. Upon an examination of all the instructions in the case we discover that every legal principle applicable to the case, which they contained was given by other instructions. There was no necessity to repeat principles already announced, as it could only incumber the record with no benefit to the jury. The court so far, therefore, from erring, acted properly in refusing them.

But for the errors indicated in this opinion, the judgment of the Circuit Court must be reversed and the cause remanded.

*Judgment reversed.*