STEPHEN HASSETT

*v.*

WILLIAM S. JOHNSON.

</div>

1. INSTRUCTIONS—*should be based upon the evidence.* Instructions should be based upon the evidence before the jury, and where they are not it is error, for which a judgment will be reversed, if it is probable they have misled the jury in finding their verdict.

2. SAME—*should not assume facts.* An instruction should not assume facts as proven,—that is for the jury to determine.

3. FORCIBLE ENTRY AND DETAINER—*of the character of possession required.* In an action of forcible entry and detainer, it appeared that some ten years previous to the alleged entry of the defendant, the plaintiff had placed a fence around the lot in controversy, but that within six or seven years thereafter, all the fence had been removed by unknown persons, except the short stumps of two or three of the posts, and three or four years after the premises were reduced to that condition, the alleged forcible entry was made. It was *held*, that while the facts would show a previous possession in the plaintiff, they did not establish possession in

him at the time the defendant entered.   By allowing the fence to be removed, without repairing or keeping it up, the plaintiff showed an abandonment of the possession as strongly as he did a retention thereof.

4. But the plaintiff might show an actual possession, without the lot being enclosed with a fence ; as, if another person, by his permission, was using the ground at the time of the alleged unlawful entry, in piling wood and lumber upon it, in such manner as would naturally apprise the public that he was in the actual, clear and visible possession thereof, this would be the possession of the plaintiff, and would entitle him to maintain the action.

5. The legal title or fee draws to it the legal possession of land, but where a *pedis possessio* is relied upon, it must be open, exclusive and public.   The acts in reference thereto must indicate by whom they were performed, and must be such as men usually employ in the enjoyment of property, and they should be continuous, not merely occasional.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN A. JAMESON, Judge, presiding.

The facts in this case are fully presented in the opinion.

Messrs. GOOKINS & ROBERTS, and Mr. JOHN BORDEN, for the appellant.

Messrs. SCAMMON, McCAGG & FULLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of forcible entry and detainer, brought by appellee, before a justice of the peace of Cook county, against appellant to recover a parcel of ground in the city of Chicago, fronting east, near 300 feet on Halstead street, and extending about half a block towards Green street.   It appears that appellee married a daughter of Justin Butterfield as early as the year 1850, and that the property in question was claimed by Butterfield in his life time.   That in the year 1856, several persons had intruded upon the property, and were occupying inferior buildings, or "shanties."   Appellee removed

these persons and "shanties" from the premises, and enclosed them with a post and board fence, but in the course of six or seven years, the fence was removed by unknown persons, a board at a time, until no portion was remaining except the ends of two or three of the posts, about a foot above the ground. It appears that Mauffs had an old sleigh and a small amount of cord wood on it at the time when appellant removed a house upon it, and placed a tenant in the building, in April or May, 1866. It is also contended that one of the Mauffs had some lumber piled upon the lot, and it is insisted that the Mauffs placed this property there by the permission of appellee, while appellant denies that it was by such authority.

On the trial in the court below, to which the case had been removed by appeal, appellee recovered a judgment for the possession of the premises, and the case is brought to this court, and a reversal is asked on various grounds.

It is first insisted that the court below erred in giving instructions for appellee, and refusing instructions for appellant. The first instruction given for appellee, which is relied upon as being erroneous, is this:

"The jury are instructed, that if they believe, from the evidence, the plaintiff enclosed the premises with a fence, and did this with the intention of taking possession of them, at the time stated by the witnesses, that he thus acquired an actual possession of the premises; and if the jury further believe, from the evidence, that the plaintiff continued such fence and thus retained such possession, down to the time that is alleged the defendant unlawfully entered upon said premises, then the defendant's acts, in moving a house upon the land and fencing it, in the manner shown by the evidence, were unlawful, and the jury will find for the plaintiff."

It appears from the testimony embodied in the record, that there was no evidence upon which this instruction could be

predicated.   It seems to be satisfactorily proved, and it is not contested, that appellee did enclose the premises by a fence, from which it may be inferred that his intention was to reduce the lot to possession, and the instruction is thus far sustained by the evidence, but the remaining portion of the instruction, which informs the jury that if they believe the fence was continued until appellant entered into possession, they should find for appellee, has no evidence to support it.   Appellee himself testified that the fence was all removed except the ends of two or three posts, in six or seven years, and there is no conflict on this point, and it appears that appellant did not make his entry upon the lot until in the spring of 1866, some three or four years after the fence was gone.   Hence the instruction was not based upon any evidence in the case.   It is a well recognized rule of practice, that instructions should be based upon the evidence before the jury, and where they are not it is error for which a judgment will be reversed, if they have probably misled the jury in finding their verdict.

In this case, we do not see that the evidence in regard to this fence tended in the slightest degree to prove that appellee was in possession at the time appellant entered.   It no doubt proved a prior possession; but by suffering the fence to be removed and obliterated, without repairing or keeping it up, it tended at least as strongly to prove an abandonment as it did a retention of the possession of the premises.   The instruction was, we have no doubt, calculated to mislead the jury in arriving at their verdict, as they must have inferred, from its language, that the two or three short stumps of the posts remaining, amounted, in the opinion of the court, to a continuance of the possession.   The court below, therefore, erred, in giving this instruction.

It is objected that the fourth instruction given for appellee is erroneous, in so far as it is based upon the evidence that the lot had been previously enclosed with the fence, by appellee. In that instruction, the erection of the fence is coupled with

the other acts indicating possession by Mauffs, and the other acts are rather made to depend upon the premises having been previously enclosed. It informs the jury that the other acts, considered in connection with the fact that the lot had been fenced, tended to prove possession at the time appellee made his entry upon the lot. This, by implication, said that the other acts, disconnected from the previous enclosure, would not prove possession, or at least implied a doubt of the fact, and we presume the jury must have so understood the instruction. It was, therefore, like the second instruction, calculated to, and may have, misled the jury, and should not have been given without being modified. Had the other acts been clear and free from doubt, that appellee was in possession it could not have mattered, as the jury would then have found such possession without such an instruction.

It is also urged that the court below erred in refusing to give the sixth instruction asked by appellant. It was properly refused, because it assumed to find facts, which were alone for the consideration of the jury. It asserts that the lot was entirely vacant in the summer and fall of 1865, because the fence had been removed, and the possession of appellee was thereby lost. It does not follow, as a conclusion of law, that although appellee did not then have the property enclosed with a fence, he did not, or could not, have had possession in some other mode. There are many modes of having the actual, open and exclusive possession of lands, without their being enclosed. In the great commercial mart of Chicago, lots are in the visible and notorious possession of parties, as lumber yards, wood yards, coal yards, brick and stone yards, and many other purposes, without any visible or actual enclosure. The law has never designated any particular mode of acquiring or holding possession of real estate.

While the legal title or fee draws to it the legal possession, it is different as to a *pedis possessio*. In the latter case, it must be open, exclusive and public, or it will not be sufficient. If

the acts claimed to indicate actual possession are of a character that they may indicate as well a mere trespass as an assertion of ownership, then it will not be regarded as sufficient. If the acts are of such a nature as not to indicate by whom they were performed, or they are of so trivial a character as not to arrest the attention of those in the vicinity, or are performed in a manner that indicates they are only casual, a possession would not be inferred. The acts should be such as men usually employ in the enjoyment of property, and they should be continuous, and not occasional. The merely passing over real estate, or occasionally going upon it for a temporary purpose, is not a *pedis possessio.* *McCartney* v. *McMullin,* 38 Ill. 237. If, then, Mauffs was using the ground in piling wood and lumber upon it, in such a manner as would naturally apprise the public that he was in the actual, clear, and visible possession, and if this was done under appellee, and it was so used when appellant entered, then this action will lie; but if his possession was not of that character, then it would be otherwise. If he did such acts in the manner indicated, by the authority of appellee, then such possession would be that of appellee, and he would be entitled to regain possession in this form of action.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*