# WILLIAM B. MANN

## *v.*

## PRESTON P. BRADY.

1. FORCIBLE ENTRY AND DETAINER—*possession necessary at time of entry.* In order to recover in an action of forcible entry and detainer, the plaintiff must prove actual possession of the premises by him at the time of the alleged forcible entry.

2. If the plaintiff has leased the premises to a tenant, who is in actual possession at the time of a forcible entry thereon by another, the plaintiff can not maintain the action.

3. ERRORS—*when immaterial.* Where a plaintiff wholly fails to show any cause of action, an assignment of error that the court admitted improper evidence for the defendant, and misdirected the jury in the instructions, and erred in overruling a motion for a new trial, will be immaterial.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. N. M. BROADWELL, for the plaintiff in error.

Messrs. BEASON & BLINN, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This is a writ of error to the circuit court of Logan county, where judgment was rendered against plaintiff in error in an

action of forcible entry and detainer, brought by him in à justice's court, against defendant in error, and appealed to the circuit court. The errors assigned are: (1) in admitting improper evidence given on behalf of defendant; (2) in giving instructions for defendant; (3) in overruling plaintiff's motion for a new trial.

We are of opinion that none of the errors assigned are material, because the plaintiff failed to show any cause of action. In order to recover in the action of forcible entry and detainer, it was incumbent upon plaintiff to prove actual possession of the premises by him at the time of the alleged forcible entry. *McCartney* v. *McMullen*, 38 Ill. 237 ; *Dudley* v. *Lee*, 39 Ill. 339.

It appears, from plaintiff's own showing, that, at the time of the alleged forcible entry, the premises in question were in the actual possession of one Pratzman, under a lease from plaintiff to him. There was no evidence that Pratzman had surrendered the lease, or that plaintiff had in any manner re-entered or come into actual possession. *Yoder* v. *Early*, 2 Dana, 245.

The judgment must, therefore, be affirmed.

*Judgment affirmed.*