Reed, J.
The northeast quarter of the northeast quarter of sec. 33, township 40 south, range 67 west, in the county of Arapahoe, was embraced in a grant made by the government to the Union Pacific, or Kansas Pacific Railroad Company, but was never conveyed to the company, and the title remained in the government. The railroad company, by virtue of its grant, assuming to be the owner, contracted a sale of it in connection with the balance of the quarter-section to one James Cozad, who made partial payments, improved and occupied it, and sold his interest to Tynon (appellee), and conveyed it bj quit claim- deed. Tynon afterwards obtained a warranty deed to the land from the company, and *134 by himself, lessees and tenants, had sole and exclusive possession until the 4th day of March, 1889, when Jenkins (appellant) entered into the possession of the house and premises, claiming a right to occupy the forty acre tract, and dispossess appellee. A question having arisen between the government and the corporation in regard to the right of the latter, the conveyance to the corporation was suspended and the title remained, as above stated, in the government. The government also refused to regard the land as open to settlement under the laws of congress, and refused to allow parties to occupy and take the necessary steps to acquire a title. While the land in question was in this situation, on the 24th of January, 1887, one Dryfus made application to the local land office to be allowed to claim it under the homestead act, which application was refused under instructions from the land department of the United States. On September 3, 1887, J. B. Gozad made application under the timber culture act, which was likewise rejected. On April 3, 1888, appellant applied to file upon and occupy the land under the homestead act, and his application was also rejected. It was upon such proceeding and rejection of his application that he assumed the right to evict the appellee and enter into possession of the land.
This suit was brought originally in the county court; was tried to the court, resulting in favor of appellee on December 11, 1889. An appeal was taken to the district court, a trial had to a jury on March 11, 1890, also resulting in a judgment for appellee, from which this appeal was taken.
Several errors are assigned, but none are found sufficiently important to warrant a reversal. The principal question of fact was as to the possession of appellee. There was uncontradicted evidence of long prior actual possession. Mr. Marvin, a former tenant, testified that he moved out of the house the last part of February, 1889, probably the 20th or 22d of the month. When he left the house was locked, the windows nailed down, gates shut and barn doors fastened. Mr. Pritchard testified that he leased the property on the 4th of *135 March, 1889; paid his rent, moved out on the 6th for the purpose of taking possession and occupying the property,— found appellant in posession,—on the 7th he surrendered his lease. Mr. Robinson was the next tenant, leasing on March 7th,—went out and found appellant in possession of the house, in which he remained some days until he built another house on the same land, which was about the 18th or 14th of March, when he, Robinson, moved into the house and retained the possession,—was living there at the time the case was tried. Appellant also occupies the small house built by himself.
The jury was warranted in finding the possession in appellee. That he was in under color of title has been already shown. In this action, (forcible entry and detainer,) title could not be tried, but the muniments of title put in evidence by appellee have always been held admissible to show the character of the possession. It was not error to admit the title papers for that purpose. A right to disturb and dispossess a party legally in possession could not be predicated upon a refusal of the departmental officers to allow him the occupation and possession. His claim to the right is not based upon a consent, but upon a refusal of the government to grant a consent. Having shown no right whatever to the. possession of it, the taking of it was a wanton and unwarranted invasion of the rights of another, as shown by the evidence. Admitting, as claimed by appellant, that the land was a part of the public domain, yet it being in the actual possession of appellee, such possession was entitled to legal protection.
Appellant insisted that as there was no one in actual, immediate possession at the time of the entry, the possession had been abandoned. This was not sustained but contradicted by the evidence. Abandonment is always a question of intention,—the fact when relied upon must be proved like any other material fact.
The case of McCartney v. McMullen, 38 Ill. 237, and others relied upon by counsel for appellant fail to sustain his *136 contention in regard to the character of the possession necessary to maintain this action. In McCartney v. McMullen the possession was not actual, only constructive,—such as a party has simply by virtue of ownership. There were no buildings upon the land, nor improvements of any kind, and the only acts of possession proved were occasional entries for cutting and removing firewood, etc.
The forcible entry and detainer act of Kentucky is the same as that of Illinois, and ours that of the latter state, and in the discussion contained in the opinion in McCartney v. McMullen, the learned judge cites and approves, Broomfield v. Reynolds, 4 Bibb. 388; Stewart v. Wilson, 1 A. K. Marsh. 255, and Chiles v. Stephens, 3 A. K. Marsh. 347, as cases where the action could be maintained, although neither the owner nor tenant were in the actual, personal occupancy at the time of the entry. The parallelism of those cases with the one under consideration will at once be apparent upon examination, notably that of Chiles v. Stephens.
The proof of payment of taxes was unnecessary, and should not have been allowed. It did not tend to prove possession, nor define the right by which possession was held, but, as all the facts were before the jury, it could not have been misled by the proof under the instructions of the court.
The contention that the court erred in refusing the instructions prayed by appellant cannot be sustained. The first and third were proper, but they, in substance and effect, were given in the instructions of the court. The second and fourth were very properly refused. Error is also ássigned upon the instruction given by the court. On a careful examination of it as a whole, we do not think it erroneous, but a fair, clear statement of the law of the case. The judgment of the district court should be affirmed.

Affirmed.