## Kimmel v. Frazer.

1. *Forcible Entry and Detainer—Possession.*—Where the evidence fails to show that the plaintiff had possession of the land in controversy, the suit must fail.

2. *Forcible Entry and Detainer—Title.*—The means by which the parties obtained title to real property, can not be considered in an action of forcible entry and detainer.

Memorandum.—Forcible entry and detainer. Appeal from the County Court of Peoria County; the Hon. SAMUEL D. MEAD, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

H. W. WELLS, attorney for appellant.

Kimmel v. Frazer.

Appellee's Brief, Jack & Tichenor, Attorneys.

The object of the statute is to protect an actual posses-
sion against forcible invasion.   The question involved is the
fact of possession only, and not the right of possession.   A
person may render himself liable to this action by entering
upon his own premises by force, even when he has the right
to immediate possession.   8 Am. & Eng. Enc. of Law, 119;
Reeder v. Purdy, 41 Ill. 279; Huftalin v. Misner, 70 Ill. 205. ·

Opinion of the Court, Harker, P. J.

This is an action of forcible entry and detainer for ten
acres of land in Richwoods Township, Peoria County,
brought by appellee against appellant. Appellee claimed
under a tax title and a prior possession in her daughter, Jo-
sephine Frazer. The land originally belonged to one Harriet
Frazer. The husband of appellee was her agent and as such
paid taxes, leased it and looked after it for sixteen years.
He allowed the land to be sold for taxes, and appellant be-
came the holder of a tax sale certificate for a part of the land,
sold in 1883, and a tax sale certificate for the remainder, sold
in 1884. These certificates were sold and assigned to Joseph-
ine Frazer, the daughter of the agent, and, there being no
redemption, deeds were executed to her in 1885 and 1886.
This title she held until 1888, when she quit-claimed to
her mother, Susan Frazer, who brought this suit.

Deeds offered by the defendant to show extent of posses-
sion, show conveyance by Harriet Frazer and husband to F.
E. Barber, of date April 4, 1889, conveyance by F. E. Bar-
ber and wife to Charles A. Kimmel, April, 1890. Kimmel
also showed possession under the deeds. The proofs fail to
show that Susan Frazer, or her grantor, the daughter, Jo-
sephine, ever had possession of the land after the tax title was
procured. There was some confusion in the testimony as
to occupancy of the land when D. C. Frazer, the agent of
Harriet Frazer, and the father of Josephine, was controlling
it. Under his supervision parties went upon the land, made
improvements, and became tenants. We are satisfied, how-
ever, that this was while he was acting as the agent of

Harriet, and before the tax title matured. Such occupants were tenants of Harriet Frazer, appellant's grantor.

Kimmel found the land unoccupied and took possession. This he had the right to do. He did not invade the possession of appellee or any one.

We do not care to discuss, in this opinion, the good faith of the manœuvers of D. C. Frazer and his daughter, by means of which the tax title was procured. That can be considered when that title shall be tested in an appropriate form of action.

For the reason that the evidence fails to show that either appellee or her grantor ever had possession of the land, the judgment must be reversed and the cause remanded.