## Richard Messerschmidt et al. v. Nelson A. Cool et al.

1. PRESUMPTIONS—*In Favor of Jurisdiction.*—While presumptions may exist in favor of the finding of a court of competent jurisdiction when the matter upon which the finding is based is not shown, the rule is otherwise where, by its order, judgment or decree, the very matter upon which it has acted is documentary and shown, and it clearly appears from such matter that the finding is void.

Messerschmidt v. Cool.

2.  EQUITY PRACTICE—*Complainant Entitled to no Relief—Dismissal.*
—A complainant not entitled to any relief under his bill has no ground of complaint if his bill is dismissed for whatever cause.

3.  ERROR—*What can not be Assigned as.*—A party can not assign for error that which does not prejudice his rights.

**Bill to Redeem, etc.**—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

NEWMAN, NORTHRUP & LEVINSON, attorneys for plaintiffs in error.

CHARLES S. HARMON, attorney for defendant in error Nelson A. Cool.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The plaintiffs in error filed their bill in equity to redeem from a foreclosure sale of certain premises, alleging certain facts and circumstances of an equitable character upon which they relied for the relief they prayed.

By their original bill, they showed that the decree under which the premises had been sold was entered on July 18, 1892, for the sum of $14,385.08, and alleged the making of a tender of said sum, with five per cent interest from said July 18th, and a refusal thereof; and, admitting their right to redeem only upon payment of the decree with interest, they offered by their bill to pay said amount.

The tender and offer to pay, as made by their bill, was as follows:  "That your orators are entitled to redeem said premises upon payment to said Cool of the sum of fourteen thousand three hundred eighty-five and 08.100 ($14,385.08) dollars, with interest thereon from July 18, 1892, at five per cent per annum; and your orators hereby tender in open court to the said Nelson A. Cool, and offer to pay to said Cool, said sum with interest as aforesaid, in redemption of said premises as aforesaid."

The bill was filed June 11, 1895, and on July 10, 1895, Cool, the defendant, there as here, filed a general demurrer thereto.

No action having been taken upon the demurrer, and no answer having been filed, the complainants (plaintiffs here) obtained leave of court, by order entered October 16, 1895, to amend their bill within five days from that date, and such amended bill was filed on October 21st.

The amended bill charged in substance the same facts as were set up in the original bill relating to the making of a contract by the defendant Cool, for the purchase back of the lands in question, at a price largely in excess of the mortgage then in process of foreclosure by him, but stated more specifically the damages sustained by complainants by the refusal of Cool to carry out said contract, and alleged that such damages amounted to $9,990.24, and insisted that they constituted a proper subject of set-off and consideration in an account between the parties; and after stating in somewhat different language the offer to redeem made by complainants before the bill was filed, proceeded to renew their tender and offer to pay, but only for the amount of the foreclosure decree and interest lessened by the amount of said damages.

On October 16, 1895, which was the date of the order giving complainants leave to amend their bill as aforesaid, the court entered another order, which, after reciting the appearance of the parties by their solicitors, was as follows:

"And it appearing to the court, from the complainant's bill filed herein, that they seek to redeem the premises in said bill described from the sale had on the 16th day of August, 1892, under a decree of foreclosure set forth in said bill, and it appearing that the complainants, in and by their said bill, have tendered or offered to pay the amount of such sale and interest in redemption from such sale, and the defendant, Nelson A. Cool, by his solicitor, now here in open court signifies his willingness to accept the money so tendered and to allow a decree of redemption to be entered herein. On motion of said defendants it is ordered that the said complainants pay into court the amount of such sale, together with interest, within ten days, and that failing so to do said bill of complaint be dismissed."

On October 26th, which was the date of the expiration of the order last named, the complainants filed two motions, one of which was that the order requiring the payment into court of the amount of the sale be modified so as to require them to pay only the amount tendered by their amended bill, filed October 21st, and the other was for the entire vacation of such order.

But the court denied both of said motions, and on November 16, 1895, to which time the order of October 16th was recited to have been extended, the court, on motion of defendant, dismissed both the original and amended bill for want of compliance by complainants with said order.

From that decree of dismissal this writ is prosecuted.

The record is absolutely devoid, even by way of suggestion, of anything from which it can be seen, or inferred, what the amount of the foreclosure sale was.

The bill nowhere states it, the defendants never answered, no affidavits are shown in the record, and the order itself which required its amount, with interest, to be paid, is as silent on the subject as is everything else that is before us. The foreclosure decree under which the sale was made, was entered in the Superior Court, whereas this order was made by the Circuit Court, and it does not seem that the Circuit Court could have acquired knowledge, through the permeating influence of judicial notice, of what the records of the Superior Court showed.

It would seem, in the opinion of the writer, that an order is void for want of certainty which requires the payment of an amount of money not stated in the order, and not capable of ascertainment from anything that appears in the record of the cause in which the order is made, and that being void all acts based upon it are likewise void.

And, furthermore, that because the order requiring the amount of the sale, with interest, to be paid into court was not in accordance with the tender that was made by either the original or the amended bill, its violation should not have been punished by a dismissal of the bills, without some determination of the merits of the case either upon the law or the facts.

In this instance, the tender and offer to pay, made by the original bill (much lessened by the amended bill), was of the amount of the foreclosure decree with interest, and not of the amount of the foreclosure sale with interest. To require the payment of the latter when only the former was tendered, was to require what the writer thinks was unjustified by anything in the record. The amount of the sale may have been materially greater than the amount of the decree. The addition of costs alone, would have made a material increase in the sum.

The recitals of the order exclude all presumption of anything having been before the court, except what was shown by the bill itself, with reference to what was tendered by the complainants.

While presumptions may exist in favor of the findings of a court of competent jurisdiction where the matter upon which the findings are based is not shown, the rule is otherwise where, by its order, judgment or decree, the very matter upon which the court has acted, is documentary and shown, and it clearly appears from such matter that the finding is false.

It appearing, however, to the majority of the court, that no case for equitable relief was made by either the original or amended bill, the decree dismissing them was properly made, even though made for an insufficient reason, viz., the failure by complainants to comply with the order to pay into court the redemption money, as therein directed.

And this conclusion is based upon the doctrine that a complainant not entitled to any relief under his bill has no ground of complaint if the bill be dismissed for whatever cause.

The decree is therefore affirmed.

MR. PRESIDING JUSTICE GARY.

Loose, vague and ambiguous as are the averments of the bill in regard to a contract with Cool for a repurchase of the premises, no doubt the complainants intended them to be understood as charging that such a contract was made

Assume that to be true, and what follows ?  Simply that the complainants had an election to recover at law their damages for a breach of the contract by Cool, or to go into equity for a specific performance.  But the fact that Cool broke the contract did not warrant the complainants to ask the court to make a new contract, under which the complainants might redeem and retain themselves the premises upon any terms never agreed to by Cool, instead of Cool having them upon terms which he had agreed to.  The bill was therefore for a kind of relief to which the complainants had no right, and so the dismissal of the bill was no injury to them.  In principle the appellant's offer is like Rigdon's in Rigdon v. Walcott, 141 Ill. 649.  Error, however gross, without injury, is no cause for reversing any decree.  Mann v. Brady, 67 Ill. 95; Wilcox v. Raddin, 9 Ill. App. 594.

"A party can not assign for error that which does not prejudice his or her rights."  Farnan v. Borders, 119 Ill. 228.

The same principle in Penn. Coal Co. v. Kelly, 156 Ill. 9.