## William MacLachlan v. James Pease and Axel Chytraus.

1. PARTIES—*Who Are Not Proper Parties in Replevin.*—In a replevin suit against a sheriff to take goods and chattels levied upon by him under an execution, the plaintiff in the suit in which the execution was issued is not a proper party.

2.  Same—*How Affected by New Declaration.*—A new declaration works a discontinuance as to all the defendants to the suit not joined in it.

3.  Pleas—*One Plea in Bar Sufficient.*—If a defendant plead and prove one plea in bar he is entitled to judgment; and in replevin a general verdict for the defendant where, among others, there is a plea of property in the defendant upon which issue is joined, warrants a judgment for a return of the property.

4.  Error—*Who May Complain.*—A privilege which need not be used and which can not possibly harm the person to whom it is granted can not be complained of as error by him.

5.  Judgment—*How Attacked.*—Whether a note upon which a judgment has been obtained was properly indorsed is not a question of jurisdiction, but of error, and the question can only be raised in a direct attack upon the judgment by the parties against whom it was rendered.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

Edward T. Cahill, attorney for appellant.

Chytraus & Deneen, attorneys for appellees.

Mr. Justice Gary delivered the opinion of the Court.

April 9, 1895, the appellant commenced an action of replevin against the appellee and Axel Chytraus.

The latter was probably no proper party to the suit, which, we infer, was to take goods and chattels levied upon by the appellee as sheriff, under an execution in a cause in which Chytraus was plaintiff. Richardson v. Cassidy, 63 Ill. App. 482.

After several pleas by both the then defendants, the appellant filed a new declaration against the appellee alone, to which he alone filed ten new pleas. The suit was thereby discontinued as to Chytraus, and Pease became sole and only defendant. Black v. Womer, 100 Ill. 328.

Among those pleas was one that the goods and chattels were the property of the appellee and not of the appellant, and upon that plea an issue followed. The case was submitted to the court for trial without a jury, and the court found the issues for the appellee.

Such finding included the finding that the goods and chat-

tels were the property of the appellee and not of the appellant, and, if sustained, made waste paper, in effect, of the rest of the pleas.

"If a defendant plead, and proves, one plea in bar, he is entitled to judgment." Quoted in Leiter v. Day, 35 Ill. App. 248, from McClure v. Williams, 65 Ill. 390.

Such a finding warrants a judgment for return of the property. Underwood v. White, 45 Ill. 437.

There being no bill of exceptions, that finding can not be reviewed. We can not see what proof either party made.

The court entered judgment as follows:

"Therefore it is considered by the court that unless payment is made as hereinafter provided, the defendant do have and recover of and from the plaintiff the property in question and his said damages of one cent, in form as aforesaid by the court assessed, together with his costs and charges in this behalf expended, and have execution therefor.

It is further ordered, that unless the plaintiff within ten days of the entry hereof, pay or cause to be paid to the clerk of this court, for the use of the defendant herein, the amount of $1,588, with interest thereon at the rate of five per cent per annum from the 23d day of March, A. D. 1895, until the day of payment, a writ of *retorno habendo* do issue herein for the return of the property replevied herein by virtue of the writ of replevin issued in said cause."

The appellant now urges that the provision for payment to the clerk is error, but it is only a privilege to the appellant of which he need not avail himself, and as it can not possibly harm him, he can not complain.

Dilworth v. Curts, 139 Ill. 508, is one of very many cases to that effect in the Supreme Court, often followed here. Messerschmidt v. Cool, 63 Ill. App. 380.

The propositions of law presented to the court on the trial, and the motion for a new trial, do not become, in the absence of a bill of exceptions, a part of the record by being copied by the clerk into the transcript.

The question which the appellant really desired to raise, was whether a judgment in favor of Chytraus and against

strangers to this record, entered by confession upon a note not payable—nor indorsed—to him, was void.    The declaration in the case in which the judgment was entered averred that the note was indorsed to Chytraus.

Whether that averment was proved or not, was not a question of jurisdiction, but of error or not error, in a direct attack upon the judgment by the parties against whom it was rendered.    Barnard v. Barnard, 119 Ill. 92, cites many cases.

The judgment is affirmed.