## Charlotte E. Rockhold v. Paul Doering.

### Gen. No. 4,531.

1.  FORCIBLE ENTRY AND DETAINER—*when does not lie.* The action of forcible entry and detainer does not lie where it appears that the plaintiff was not at the time of the alleged forcible entry in possession of the premises in question.

2.  FORCIBLE ENTRY AND DETAINER—*what not issue in.* The question of title cannot be determined and is not an issue in an action of forcible entry and detainer.

3.  FORCIBLE ENTRY AND DETAINER—*what proof essential to recover in.* In order to recover in an action of forcible entry and detainer, it is essential that the plaintiff should give in evidence such a description of the premises in question as will enable the court to describe the same in its judgment with such accuracy that an officer with the writ issued pursuant thereto could locate such premises and enforce the writ.

4.  FORCIBLE ENTRY AND DETAINER—*when form of judgment in, will not reverse.* An error in the form of the judgment entered in such an action, consisting in finding the question of title to the premises, will not of itself confer ground for reversal, but such portion of the judgment will be rejected as surplusage.

Action commenced before justice of the peace. Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

WINSLOW EVANS, for appellant.

JAMES A. CAMERON, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

This was an action of forcible entry and detainer originally begun before a justice of the peace.  The parties to this suit are the owners of adjoining lots, appellant's being lot 11 and appellee's lot 12 in Pulsifer's first division of Pulsifer's addition to the city of Peoria.  The lots fronted east on Monson street, were 25 feet wide and 107 feet deep.  In the rear they abutted upon an alley, which extended north and south.  The building on appellant's lot, a residence, was erected about 1867. It has been raised and repaired since that time, but stands exactly where it did when first built.  About the time the house was built a fence was built on what was supposed to be the line between the two lots.  It was built by a Mrs. Stone, who at that time owned both lots, and the fence extended from the street in front to the alley in the rear of the lots.  Appellee became the owner of lot 12 in 1884, by purchase from a Mr. Coleman who had built a small house thereon about 1869.  E. G. Rockhold purchased lot 11 in 1892 and two or three years later conveyed it to his wife, appellant here.  About 1885 the old fence was rebuilt and so remained till 1893, when by direction of Rockhold, that portion of it from the street to the rear of appellant's dwelling was torn down and removed.  The remaining portion of it extending from the rear of appellant's residence to the alley was not then torn down, but was repaired or rebuilt by appellant in 1898, and in 1901 she built a new fence from the street back to and connecting with the old fence.  Appellee claims that when the new fence was built in 1901 and that portion of the old fence rebuilt or repaired in 1898, it was placed further north than it had ever been before, and further north than the true line between the two lots and enclosed in appellant's premises a small portion of his lot, extending the full length of it from east to west.  According to the description contained in the complaint and summons, this narrow strip claimed by appellee was nine and five-eighth inches wide at its widest part, seventeen feet from the

alley, and eight inches wide at the street in front of the premises. Between these points the strip in places was much narrower. The measurements of the land in controversy were obtained by a survey made by the county surveyor, who claims he located the true line between lots 11 and 12, the distances mentioned south of the fence. He made a plat purporting to show the true line and the location of the fence as it now stands, and it is the land between them that is described in the complaint and summons. The surveyor testified that he had no knowledge of the location of the old fence and no idea whether the line he called the true line between the two lots and indicated in the plat by a red line, was anywhere near the line of the old fence. Appellant objected to proof of the location of the true line and also to the introduction of the plat, but the objections were overruled and the evidence heard. We are of opinion this was erroneous. It appears to us wholly immaterial where the true line was. Appellee did not and does not contend for the right of possession to any of the premises on the south or appellant's side of the line of the old fence. His claim is that the new fence was placed north of where the old fence was, and thereby a portion of his premises which he had been in possession of up to the time the new fence was built was taken from him. This claim was denied by appellant, who insisted that the new fence is built in exactly the same place the old fence was. In this action, therefore, the true location of the true line between the lots was immaterial and irrelevant, and the testimony of the surveyor and the plat should not have been admitted. Appellee and his predecessors in title it appears were never in possession of any part of the land south of the old fence, and he seems never to have questioned the correctness of its location. His claim was not that he and those through whom he claimed title had been in, and were entitled to, possession of all ·the land north of the true line between the lots, but of the land north of the old fence. In order to entitle him to recover, it was incumbent on him to prove he had been in possession of the premises at the time of the

Rockhold v. Doering.

alleged forcible entry. Mann v. Brady, 67 Ill. 95; Thompson v. Sornberger, 59 Ill. 326; Kimmel v. Frazer, 49 Ill. App. 462. We understand ejectment to be the appropriate form of action if he sought to recover any land south of the line of the old fence. Appellee's title deed to lot 12 was competent for the purpose of showing the character and extent of the possession claimed, but the title to the fee was not and could not be a subject for determination in this form of action. Pearson v. Herr, 53 Ill. 144; Ragor v. McKay, 44 Ill. App. 79. The proof should have been confined to appellee's right to the possession of the land between the new fence and the line of the old fence. While there was a large amount of testimony that the new fence had been erected north of where the old one stood, there was also a large amount of testimony that it was erected in the same place as the old fence. No witness who testified that the new fence was placed north of where the old one stood, pretended to state how much north, or to give any definite information from which a court could find how much land appellee had been deprived of the possession of, or described the premises appellee was entitled to recover if the suit was determined in his favor. If appellee had sued in ejectment in the Circuit Court for the strip of land in controversy, testimony as to the location of the line would have been competent because there the title would have been involved, and if such testimony had not been disputed, it would have entitled appellee to a recovery unless such right was defeated by the Statute of Limitations or some other defense. The judgment of both the justice of the peace and the Circuit Court followed the description in the complaint and summons, and we hold there is no competent evidence in this record to sustain the judgment for the premises thus described. Before appellee could recover, he must not only prove that the present fence is north of the old one, but must further prove how much farther north and give such description as would enable the court so to describe the premises in the judgment that an officer with a writ could locate and find them. Haskins v. Has-

kins, 67 Ill. 446; Norris v. Pierce, 47 Ill. App. 463. The judgment of the Circuit Court also finds appellee to be the owner in fee of the premises described in the complaint and summons. While this is erroneous, that question not being involved in the litigation which came into the Circuit Court by appeal from a justice of the peace, it might be, if there was no other error in the record, that part of the finding and judgment could be held to be void and of no effect. But we are of opinion, for the errors indicated, the judgment must be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*