THIS is dn appeal from a judgment of restitution, rendered m favor ot Stith, in a proceeding by traverse, in the circuit court, under the law regulating Writs for forcible entries and detainers. ' Stith was plaintiff in the Warrant which issued from $he‘justifce, and various objections were taken in tlv'O'cirbuit court to his right to recover restitution. As, however, there is one objection which we suppose mtist he decisive of this contest, the others will not he noticed, in revising the iudarment Of the circuit court;- - -i
2. 1 he objection to which we allude, is that which controverts Stith’s right to recover for a forcible entry alleged to have been made by Lewis on the land, whilst the possession was not in Stith; and before he acquired the title by a conveyance from Swan. From the evidence in the cause, it might be well doubted, whether thebe has been such ah entry upon the land by Lewis, as would authorise a proceeding against him, in the name óf any person; for a forcible entry, and whether the proper redress is nobby proceeding for a forcible detainer; Be that, however, as it may, we apprehend Stith is not entitled to succeed In the present contest; for in the justice’s warrant, he demands restitution for a forcible entry made by Lewis upon the land, and the evidence is conclusive,' that at the time of that entry Stith was neither in-the possession nor had title to the land; and, we apprehend, according to the most obvious import of the act regulating forcible entries, a purchaser deriving, claim after the commission of the forcible entry, carmof sustain a writ for restitution.
Where a tenant, after the expiration of his lease, holds over, we admit, that a purchaser of the remainder from the landlord, would be entitled to resti. tution in a proceeding under the act for .a forcible detainer ; but, in that case, every detention is, in legal contemplation, a new force, and for that force the act authorises the person entitled to the remainder, to obtain restitution in the summary mode pointed out l»y its provisions. But not so in the case of' forcible entries. In that case, it is the entry that constitutes the *296 injuryand it is in the person sustaining the injury, the act has given the remedy. After having forcibly fentered, it is true, the person entering may be guilty of á new wrong, by continuing the possession ; but the wrong thereby done is hot, either in fact or law, á forcible entry, and cannot be proceeded against as such.
A charge that he fbrci. bly eritered on the land and1 that he detains it without any allegation applying the force to the detention is not sufficient.
3. We are aware, that in the warrant, the defendant, Lewis, is alleged, not only to have forcibly entered on the land, but he is charged also with detaining the possession from Slith ; but he is not charged with forcibly detaining; and without a charge of force in the detention, the warrant cannot be adjudged as containing a sufficient charge to authorise restitution for the detention.
It results, therefore, that as Stith derived Ms claim after the commission of the force complained of, he cannot maintain Ids warrant for the forcible entry, and the court should, consequently, have instructed the jury accordingly.
The judgment must Be reversed with costs, the cause remanded to the court below, and further proceedings hail, not inconsistent with-this opinion.