## WILLIAM H. DUDLEY *et al.*

### *v.*

### WESLEY K. LEE.

39 339
146 389
39 339
46a 402
39 339
165 362

1. FORCIBLE ENTRY AND DETAINER, AND FORCIBLE DETAINER—*by whom the action must be brought.* Where there has been a forcible or unlawful entry upon lands, the right to maintain an action of forcible entry and detainer therefor, vests at once in the one whose possession is invaded, and this right must be exercised, during his life, in his own name.

2. It will not pass to his assignee, to be asserted in the name of the latter, the object of the statute being to give a summary remedy to one who has been forcibly dispossessed, without reference to his title or to his right of possession.

3. The words in the statute concerning forcible entry and detainer, which give a right of action to the person "entitled to the possession," apply to cases brought for forcible detainer simply, and not to those for forcible entry and detainer.

4. So, although the party who was dispossessed may have conveyed the premises to another before suit brought, still the action must be in the name of the former.

5. But there is no right of action against a tenant, who holds over, until "a demand made in writing by the person entitled to the possession;" and, as against the tenant, that person must be either the landlord or his legal representative by assignment or otherwise, and it may be either of them. And the right of action vests alone in the person so "entitled to the possession."

6. If the landlord has alienated the reversion during the lease, then his alienee is "entitled to the possession" at its termination, and he should make the demand and bring the action.

7. FORCIBLE ENTRY AND DETAINER—*disclaimer by the plaintiff before the entry.* In an action of forcible entry and detainer it is competent for the defendant to prove that prior to the entry the plaintiff disclaimed to him any interest or claim in the premises; and, if proven, such fact will constitute a defense to the action.

8. Nor does the fact that the plaintiff was a tenant of third persons affect the question, since it is *his* rights, growing out of an invasion of his actual possession, which are in controversy in such a suit.

APPEAL from the Circuit Court of Schuyler County; the Hon. C. L. HIGBEE, Judge, presiding.

The facts of this case are sufficiently stated in the opinion of the Court.

The principal question arising upon the record is, where there has been a forcible or unlawful entry upon lands, and the party whose possession has thus been invaded shall convey the premises to another, before action brought, whether the action of forcible entry and detainer must be brought in the name of the one whose actual possession was invaded, or in the name of his alienee.

Messrs. SKINNER & MARSH, for the appellants.

The statute gives the action after demand only by him who is then entitled to the present possession, and, until demand, in writing, by him who is then entitled to the possession, the party entering is not guilty of forcible entry and *detainer*. Such is the express language of the statute. R. S. 1845, 256.

The right to bring this or any other possessory action follows the right of possession, and the deed of one whose possession is wrongfully taken away by another passes all his rights touching the land and remedies to obtain restitution.

The deed is a legal sale of the grantor's rights in the land, and to those rights the remedies attach. By the deed the grantor's rights relating to the land are devolved on another, but any cause of action for a past trespass on the land remains with him, notwithstanding his conveyance of the land. This is not assignable, but right of possession of land is, and a deed effectually passes that right.

At common law, all actions for recovery of chattels or land must be brought by him who has the present right of possession, and though a cause of action which dies with the person, or even personal property adversely held, cannot be sold, any interest in land or right of possession of land, under our law, may be sold and passes by deed, even if in the adverse possession of another. This is no question of *who* is the owner of the land, but only whether the plaintiff may not part with his right of possession, and hence his right to recover that possession, and whether, when he has proved that by his voluntary deed he had devolved that right upon another, he can sue for

and recover the same possession—whether, when the plaintiff proves a material allegation of his complaint untrue, he shall maintain his action.

The grantee of a landlord steps into the shoes of his grantor. The assignee of the lessee takes the place of the assignor in all things relating to the land and succeeds to all remedies for defense or vindication of possession of the land.

The deed proved the complaint as to the plaintiff's right to the possession untrue, that the right of possession was in another at the time of demand and suit brought; and he cannot say, after having himself proved the deed, that the defendants should not have, in this case, its legal force.          •

Mr. D. G. TUNNICLIFF, for the appellee.

The suit is properly brought in the name of the party who has been forcibly dispossessed, notwithstanding he may have conveyed the premises to another before action brought.

The scope and design of our statute of forcible entry and detainer is the same as those of England, and, consequently, where a party may be indicted there for a forcible entry or detainer, a civil action may be maintained here.  *Mason* v. *Finch,* 1 Scam. 495.

In this case, there was no allegation in the complaint of a demand for possession.

In an indictment, the offense must be charged to have been committed *against the person who was in actual possession at the time,* and in like manner the complaint must show the entry to have been made against the person in actual possession, and cannot be maintained by the person having a mere right of possession.  *Childress* v. *McGeehee,* 1 Minor (Ala.), 131, where the Alabama statute is substantially given, and the court say that, while in England it was a criminal offense, yet in the summary mode of trial and restitution, there appears to be no material difference.  3 Bacon's Ab. 250; Stat. 8 Henry VI, ch. 9; 1 Lord Raymond, 610; 3 Salk. 169; *People* v. *Shaw,* 1 Caines, 125; *People* v. *Bennett,* 2 id. 98.

To hold that the action cannot be maintained in the name of the party dispossessed, where he has aliened the premises, would, in effect, prevent it being brought at all, for the grantee, never having had any possession in fact, could not recover upon his mere right of possession. *Whittaker* v. *Gautier*, 3 Gilm. 448; *Settle* v. *Henson*, Morris (Iowa), 111; *Smith* v. *Dedman*, 4 Bibb, 192; *Yoder's heirs* v. *Easley*, 2 Dana, 245; *Treat* v. *Lamarque*, 5 Cal. 113.

In *Yoder's Heirs* v. *Easley*, 2 Dana, 245, the court say, " *The forcible entry upon the possession in fact of the tenant is a personal wrong—a* TORT *done to him alone*," and that the landlord could not *in his own name*, after the expiration of the lease, maintain an action for *forcible entry* upon the tenant.

In *Pogue* v. *McKee*, 3 Marshall, 129, the court say, " If he (plaintiff) had not such possession as would enable him to maintain an action of *trespass*, he could not sustain an action for forcible entry and detainer."

Where the entry was against the tenant, and the lease was then terminated by an arrangement between the landlord and tenant, it was held that the suit for the forcible entry must be brought in the tenant's name. *McKeen and Wife* v. *Nelms*, 9 Ala. 509.

It follows from the above principles that the grantee of the party against whom the entry was made could not maintain suit for such forcible entry in his own name, and has been so expressly said by the court in the case of *House* v. *Keiser*, 8 Cal. 499. See also *Lewis* v. *Stith*, 2 Litt. 294.

Mr. J. S. BAILEY, also, for the appellee, filed an argument.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of forcible entry and detainer, brought by Lee against Dudley and Heaton to recover possession of a half section of land. The plaintiff obtained a verdict and judgment, and the defendants appealed.

The complaint alleges that in January, 1865, the plaintiff was in the actual possession of the premises as tenant of Robert-

son and Harris, and that the defendants made an entry upon his possession where entry was not given by law, and have since forcibly held possession, and that the plaintiff made a demand in writing on the 13th of April, 1865. It appeared in the evidence that the demand was made by the service of a notice in writing, signed in the name of the plaintiff by John Knappenberger, as his attorney in fact; and, in order to show the authority of the latter, the plaintiff introduced a deed from himself to Knappenberger, bearing date March 27, 1865, and authorizing Knappenberger to use plaintiff's name for the recovery of the land. It is insisted by counsel for the appellants that this deed showed that, prior to the commencement of the suit, the plaintiff had divested himself of all interest in the land, and was not entitled to the possession, and, therefore, not entitled to bring this suit. A careful reading of the statute, however, will show that the phrase "entitled to such possession," used therein, does not apply to cases of this character. The first section reads as follows:

"If any person shall make any entry into any lands, tenements or other possessions, except in cases where entry is given by law, or shall make any such entry by force, or if any person shall willfully, and without force, hold over any lands, tenements or other possessions, after the determination of the time for which such lands, tenements or possessions were let to him, or to the person under whom he claims, after demand made in writing by the person entitled to such possession, such person shall be guilty of a forcible entry and detainer, or of a forcible detainer, as the case may be, within the intent and meaning of this chapter."

Here two classes of cases are provided for—one where the original entry was forcible or unlawful—the other where the original entry was lawful, but the detention has become illegal, and, in construction of law, forcible. In the first class, the offense is consummated the moment the forcible or unlawful entry is made. At that moment a right of action vests in the person whose possession is invaded, and this right must be exer-

cised, during his life, in his own name. Whether it would survive to his legal representatives upon his death, a point raised in the argument, is a question which we do not deem it necessary to decide. It certainly no more passes to his assignee, to be asserted in the name of the latter, than an action of trespass for the same wrong. The object of this portion of the statute is to give a summary remedy to one who has been forcibly dispossessed, without reference to his title or to his right of possession. The *tort feasor* cannot be permitted to raise these questions. The only inquiry is, has the possession been taken by actual or constructive force? If yea, then it must be restored, on the complaint of the party dispossessed, even though the wrong-doer himself may be the owner of the land.

But, under the second branch of the statute, a different class of questions may arise. That relates solely to tenants holding over, and the action must be brought by him who has the " right of possession " after a demand in writing. The demand in these cases is necessary, because the original entry was rightful, and the occupancy does not become tortious, or, in construction of law, forcible, until " a demand made in writing by the person entitled to the possession." Then, for the first time, an actionable offense has been committed and a right of action vested. But in whom? Unquestionably in the person entitled to the possession, because he is the person injured. Now, as against a tenant, that person must be either the landlord or his legal representative, by assignment or otherwise, and it may be either of them. There is here no assignment of a right of action, because there is no such right until a demand made by the party entitled. If the landlord has alienated the reversion during the lease, then his alienee is entitled to the possession at its termination, and is the party injured by the holding over, and he should make the demand and bring the action. It is to cases brought for forcible detainer simply, and not to those for forcible entry and detainer, that the phrase " entitled to the possession," as used in the statute, must be applied. In the one case, the right of possession is utterly immaterial, the only object being to restore him who has been forcibly dispossessed. In

the other, the object is to compel a tenant to yield his possession to him who has the reversion, and this point may be made a matter of inquiry.    The same view of their statute has been taken by the Court of Appeals of Kentucky.    *Lewis* v. *Stith*, 2 Litt. 294;  *Yoder's heirs* v. *Easley*, 2 Dana, 245.

There is a ground, however, on which this judgment must be reversed.    One of the defenses set up was, that the appellants, before entering, had a conversation with the appellee in regard to the land, in which he disclaimed any interest or claim except in eighty acres.    It is not for us to express an opinion as to whether this fact was fully proved.    It is sufficient that there was evidence tending to prove it, upon which the defendants had a right to have the jury pass.    If proved, it clearly constituted a defense, as their entry was certainly not illegal nor forcible, so far as the plaintiff was concerned, if made with his consent, or in consequence of his disclaimer of possession in himself.    The fact that he was himself a tenant of third persons does not affect the question, since it is *his* rights growing out of an invasion of his actual possession, which are in controversy in this suit.    If he made such disclaimer, and if it was untrue in fact — if he was really in possession of the entire half section under a lease, and he improperly gave possession of a part to the appellants, the question may arise, on a suit brought by his landlords against these appellants, whether the law would not regard them as standing in his shoes, and liable to an action of forcible detainer on demand made after the expiration of his lease.    We say this because we do not wish to be considered as holding that the rights of the landlord are to be prejudiced by the infidelity of his tenant.    But it is clear that the plaintiff's disclaimer, if he made it, is fatal to his own action.    Yet this view of the case was wholly taken away from the jury by the sixth instruction for the plaintiff.    It was as follows:

" 6. If the jury believe, from the evidence, that plaintiff, in the latter part of September, or first part of October, A. D. 1864, entered upon the half section in controversy under a lease for the same, and that said premises were then vacant, and

broke four or five acres with the intention of cultivating and improving the same, and hauled 200 posts to the same, and set fifteen or twenty of the same, with the intention of fencing the same, and in February dug a well and built a dwelling-house upon the same, and moved a tenant in it, and continued such tenant therein; then any possession taken of the same by defendants, or entry therein by them after such breaking was done, is tortious and illegal, and a trespass upon the possession of plaintiffs, unless the jury believe from the evidence that at the time of such breaking the defendants, or some person under whom they claim, had the actual possession of said land."

. By this instruction the jury are told, if the defendants entered upon the half section while in the possession of the plaintiffs, such entry was tortious, which it certainly was not if made in consequence of a disclaimer of all right by the plaintiff, at least as to that portion of the land to which the disclaimer applied. The instruction should have been qualified so as to submit to the jury the question of disclaimer by the plaintiff in connection with the question of entry by the defendant.

*Reversed and remanded.*