Bissell, J.,
delivered the opinion of the court.
As nearly as may he gathered from the very meager and insufficient record on which error is prosecuted in this case, early in the eighties J. J. Kelley settled on a part of section 31, which was then, and at the commencement of the suit, a part of the public domain of the United States. The land was adjacent to the city of Pueblo and on what would have been a continuation of Santa Fe avenue, if that street ran *123 through the section. He built some sort of a structure on a part of his premises, and apparently occupied a strip of land some sixteen feet wide alongside of the building. Subsequently and in 1889 the property passed into the possession of Joseph Andrew, the present defendant in error. For the purpose of rendering the present controversy intelligible, it may be stated that before either of the parties to the present suit acquired any interest in the property, J. J. Kelley, the husband of Eldora, deeded his interest in this settlement to Eldora Kelley his wife, who subsequently, by a bill of sale, attempted to transfer her interest to Joseph Andrew, the defendant in error. To confirm the transfer, J. J. Kelley likewise deeded his interest to Andrew by deed of quitclaim. It would seem that doubts arose as to the character of this transfer, because subsequently Kelley attempted to convey the identical property to his codefendant in error, George Roesch. These facts are gathered from the pleadings in the case and from the deeds which were introduced in evidence. Some of them are very manifest from the abstract, and others are probably legitimate deductions from its contents. In 1890, Andrew brought forcible entry and detainer against J. J. Kelley and Roesch to recover the possession of the premises. The action was aptly brought, on a sufficient complaint, and the plaintiff must have recovered, if it had been supported by competent and sufficient testimony. There was a paragraph in the complaint which stated the plaintiff’s entry by virtue of the transfers from the Kelleys to him. The defendants answered, denying the peaceable entry, the possession, and all the other material allegations of the! complaint, and concluded with a clause averring their entry by virtue of conveyances from the original occupant. During the progress of the trial the bill of sale from Eldora Kelley to Andrew, and the deed whereby J. J. Kelley’s interest became vested, if at all, in Eldora, and therefore in Andrew, were offered in evidence. The defendants objected, but on what grounds the record does not disclose. They were received and are found in the abstract. When the defense was put in, the deeds by *124 which it was contended that Eldora Kelley’s title became vested in Roescli and J. J. Kelley were likewise offered and received. Whatever other evidence may have been introduced on the trial is entirely omitted. The plaintiffs in error rely solely on the contention that to admit the deed from Kelley to Andrew, and the bill of sale from Eldora Kelley to Andrew, was error which will necessitate the reversal of the judgment entered for the plaintiff.
This cannot be conceded. Many of the arguments advanced in support of the position are undoubtedly based upon well established principles of law. A plaintiff in an action of forcible entry and detainer cannot recover upon the constructive possession which would be evidenced by the conveyance of the fee title from its original source, and ordinarily evidence of that title may not be produced either for the purposes of establishing the possession, or establishing the 'character of an entry. Hoag v. Pierce et al., 28 Cal. 187; Kepley v. Luke, 106 Ill. 395; Jenkins v. Tynon, 1 Colo. Court of Appeals, 133.
Actions of forcible entry and detainer must generallybe controlled and tried according to these very well established rules. But the present case furnishes an exception to the doctrine, and the exception, like all others of that description in this particular procedure, is based on the necessity of the case, and the provisions of the statute. Under the law of Colorado the public domain is open to the occupancy and use of its citizens until such time as the government may see fit to part with its title. It is needless to determine what are the steps prerequisite to securing that right of occupancy which may be defended in the courts by all the possessory actions which may be resorted to by the holder of a fee title. It is enough to say that such title may be acquired, and that it may be defended according to the terms of the act by various actions, among which is that of forcible entry and detainer. The statute, however, puts a limitation upon the right to maintain these possessory suits by providing as a condition precedent that the boundaries of the claim shall be *125 marked and staked by tbe holder. Under these circumstances, it is undoubtedly incumbent on the plaintiff in the action to show the segregation of the land of which he claims to be in the peaceable possession, and on which he asserts the defendant entered, and that it was segregated in the fashion pointed out by the statute to entitle the holder to protect his occupancy. These rights of occupancy which have been acquired under the statute are by it made the subject of transfer and sale. Since these things are true, it must be competent for the plaintiff who seeks in an action of forcible entry and detainer to recover the possession of a part of the public domain which he occupies, to establish the act of the original settler and his compliance with the statute. As the occupant is by the statute required neither to cultivate nor to be actually present on the entire holding of the amount of land to which he may be entitled, to wit, 160 acres, it becomes necessary for him to prove the staking by the settler, and the filing of the declaration provided for by the act to show the fact of his possession. As a necessary consequence he may produce the transfer from the occupant to him. In this wise, and being offered solely for this purpose, neither the declaration nor the deed are to be taken as evidences of title, or as giving to the plaintiff the right to recover on the strength of his constructive possession, but they are simply evidences of the staking and the holding which the statute says he must prove, in addition to the peaceable occupancy, to entitle him to maintain the action. It has been held in California, in one of the cases cited, that the plaintiff may introduce his muniments of title in a case of this description for the purpose of showing the boundaries of the property which he claims, where, in a sense, there could be no actual occupancy of the entire tract. The peculiar character of the possession which a person may acquire of the government domain necessitates this exception to the general rule concerning the introduction of evidence of the right to occupy. Aside from these considerations, the case should not be reversed because these paper evidences of title were introduced, without something *126 in the record to show that there was no sufficient proof on which the recovery could have been based, aside from the deeds. It is quite possible that the plaintiff may have made ample proof of his possession and clearly established his right to recover without the deeds at all. Under such circumstances, unless it was very clear that the defendants were prejudiced by the production of the deeds, the case would not be reversed, and the error would be held immaterial and harmless.
The plaintiffs in error likewise contend that the action should never have been tried by the justice before whom it was brought, because the question of title was raised by the pleadings. There are two answers to this contention. It is incompetent for the defendant to set up title in himself and thereby defeat the plaintiff’s right to recover on the basis of his peaceable occupancy. Altree et al. v. Moore, 1 Ore. 360; Drake v. Newton, 23 N. J. L. 111; Bliss v. Bange, 6 Conn. 78.
In the next place there was no issue as to title raised by the pleadings. The plaintiff simply averred that he was peaceably in possession by virtue of certain deeds of conveyance. The defendant inserted an allegation to the effect that he was in peaceable possession likewise by virtue of sundry conveyances. It cannot be said, however, upon a careful consideration of the complaint and answer, that there was any plea of title which would divest the justice of jurisdiction to hear and decide the action. When the case came to the county court on appeal, it did not err in refusing to dismiss the suit because the justice had been deprived of the right to try the case by such a plea.
There are no errors apparent in the record, and so far as can be seen, the case was properly tried and the right judgment entered, and it will be affirmed.

Affirmed.