RUFUS J. THOMASSON

v.

HARRIET B. WILSON.

*Filed at Ottawa June 19, 1893.*

1. EVIDENCE—*waiver of preliminary proof.* Where the conduct of a defendant is such as to induce the plaintiff's counsel and the court to act upon the assumption that further preliminary proof was waived, the defendant can not be heard, on appeal or error, to complain of the failure of the plaintiff to make preliminary proof of the execution of notice to terminate a tenancy, and of a demand for possession.

2. SAME—*waiver of notice to determine tenancy.* On the trial of an action of forcible detainer, the plaintiff sought to prove the service of the landlord's notice to terminate the tenancy, and the defendant's counsel stated to the court that the lease was terminated by such notice, whereupon the notice was admitted in evidence without further preliminary proof: *Held,* that by such course the defendant waived his right to have the full preliminary proof of the notice, and could not assign for error the ruling and action of the court.

3. In such case, the admission that the notice terminated the tenancy will be held to admit its termination before suit brought, and the admission will be treated as made for the purpose of the trial, and defendant's counsel can not thereafter gainsay his admission.

4. FORCIBLE DETAINER—*party plaintiff—grantee of lessor.* The devisee or grantee of a lessor, by express statute, may maintain an action of forcible detainer in his own name.

5. It is undoubtedly true that when entry is made upon the possession of the tenant, he will have the right of action against the party so entering from the moment of such entry.

6. But the same right to terminate a tenancy for non-payment of rent, and upon its termination to proceed for the unlawful detention of the premises, will exist in the grantee of the lessor as in the original landlord.

7. Where the right of immediate possession is in the tenant, an action for the forcible entry must be brought by him. But that by no means interferes with the right of the landlord to bring the action of forcible detainer, upon the determination of the tenancy, for any of the causes named in the statute.

8. Where a landlord is in possession through his tenant, the tenancy will not be terminated by the intrusion of a third person, by collusion,

into the premises, but such tenancy will be determined by notice thereof, and demand made by the landlord upon both the tenant and the intruder.

9. SAME—*against whom action lies.* A landlord, upon the termination of the tenancy, has the right to maintain forcible detainer against the tenant, or any person in possession by, through or under him, who may hold over.

10. The second clause of section 2 of the act of 1874, relating to forcible entry and detainer, which provides that persons entitled to the possession of lands or tenements may be restored thereto in the manner specified in the act, when a peaceable entry is made and the possession unlawfully withheld, does not apply to tenants holding over after the determination of the lease under which they entered. It is not necessary that the relation of landlord and tenant, or other contractual relations, should exist, to authorize restoration to the possession of the party entitled to it, under such second clause.

11. The purpose of the provision is to protect possessory rights in lands and tenements from invasion without force, and the detention of the premises from the person possessing such rights, and to compel resort to legal proceedings to obtain possession of lands or tenements in possession of another, although peaceable entry might be made.

12. The question of the title to land is not involved in an action of forcible entry and detainer. In such case the right of possession, only, is in controversy.

13. SAME—*when possession becomes unlawful.* Every detention of premises after demand duly made, by persons who have intruded into the possession of another, becomes an unlawful detention, within the meaning of this statute, however peaceably the entry may have been made.

14. Where the possession of a tenant is invaded by an unlawful entry, he may maintain trespass, or forcible entry and detainer. But a right of action by the landlord for the detention of the property will not accrue until his right of entry into the premises arises upon termination of the tenancy. When that terminates the landlord's right of restoration to his possession of the demised premises becomes complete, and after demand for possession upon the intruder, the detention by him becomes unlawful, and a right of action will accrue, under this clause of the statute, for the unlawful detention.

15. It is well settled that no rights can be acquired to the possession of land by open violence, or by intrigue with those who take possession from the landlord. All such stand in the shoes of the tenant.

16. During the term of a lease, a third person, by force, or intrigue with the tenant, went into the possession of the premises. Thereupon

25—146 Ill.

the landlord terminated the lease, by notice, for non-payment of rent, and made a demand in writing upon the intruder for possession, which was refused: *Held,* that after such demand and refusal the detention of the premises became unlawful, and that the landlord might recover possession by forcible detainer.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. I. K. BOYESEN, and Messrs. SWIFT, CAMPBELL, JONES & MARTIN, for the appellant:

No proper service of the notice is shown by the evidence. (Rev. Stat. chap. 80, sec. 11.)   There was no proof that it was signed by appellee or her agent.

Demand for possession was required to be served on appellant before this action could be maintained, and there is no evidence of the service of a demand complying with the statute.

A person entering premises under the circumstances appellant made his entry, can not be ejected by the summary remedy provided in the forcible entry and detainer statute. *Ballance* v. *Curtenius,* 3 Gilm. 449; *Moore* v. *Azel,* 7 Mo. 289; *Clark* v. *Barker,* 44 Ill. 349.

An action under the Forcible Entry act can only be maintained against a person who is in possession of the premises at the time of the commencement of the action. *Murphy* v. *Dwyer,* 11 Bradw. 247; *Hersey* v. *Westover,* id. 197.

Messrs. THORNTON & CHANCELLOR, for the appellee:

The execution of the lease was never questioned, and the law is, that objections which might be cured must be specially made in the trial court, or else they are waived. *Newlan* v. *Dunham,* 60 Ill. 233; *King* v. *Railroad Co.* 98 id. 376; *South Park Comrs.* v. *Todd,* 112 id. 379; *Espen* v. *Hinchliffe,* 131 id. 468.

Any one who invades the possession of another, whether by open force or covert means and secret ways, and retains such

possession after demand made, is guilty of a forcible detainer. *Doty* v. *Burdick*, 83 Ill. 473; *Pensoneau* v. *Bertke*, 82 id. 161.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action of forcible detainer, which was tried in the circuit court of Cook county, on appeal, by the court without a jury, and resulted in a judgment for plaintiff, appellee here. On appeal to the Appellate Court the judgment was affirmed, and the defendant below prosecutes this appeal.

· On the trial in the circuit court the defendant submitted, and asked the court to hold, as the law of the case, the following propositions, which were refused:

1. "The plaintiff can not, as the devisee or grantee of the lessor of Annestine Laddness, maintain this action without showing an attornment from said lessee, Annestine Laddness, to said plaintiff.

2. "That if the defendant, Thomasson, came into possession of said premises peaceably, and without force or fraud, the plaintiff can not maintain this action against the said defendant.

3. "That if the said Thomasson, the defendant, entered upon the possession of said premises peaceably, and without force or fraud, through a lease from one Clark, claiming title to said premises in good faith, plaintiff can not recover in this action."

On the first day of April, 1886, Julia Wilson, then claiming to be the owner of the premises in controversy, made a lease of the premises to Mrs. Annestine Laddness for a term of six years, at an annual rental of twenty-five dollars, payable half-yearly. Mrs. Laddness had been in possession under Wilson, or her grantor, previous to the making of this lease, and continued in possession under the lease until the 9th day of June, 1890. Some time after the possession commenced under said lease, the family of one Bell, a son of Mrs. Ladd-

ness, moved into the house with her, and occupied under her until the last mentioned date. The trial and Appellate courts have found, as they were justified in doing, that the occupancy of Bell, the son, and his family, was under Mrs. Laddness, and subordinate to her right. Mrs. Laddness worked out and away from the house portions of the time, returning to the premises from time to time, as her home. On the 9th of June, 1890, Bell, during the absence of Mrs. Laddness, moved out of the house, and appellant, Thomasson, immediately moved in, his goods arriving early in the morning, before Bell had his goods out of the house. Thomasson claimed to enter and hold under one Clark. Appellee is the remote grantee of the title of Julia Wilson in said premises, whom Mrs. Laddness recognized as her landlord. Rent remaining due and unpaid from Mrs. Laddness under her lease, notice was given, under the ninth section of the Landlord and Tenant act, terminating the lease, and a demand for possession served both upon Mrs. Laddness and appellant. Possession not having been surrendered, this suit was brought.

It is objected that there was no evidence of the issuing or service of the notice terminating the tenancy, or of the demand for possession. The notice admitted in evidence was signed by appellee, by one Thornton, her agent, and it is said that the record fails to show that Thornton was authorized to act for or on behalf of appellee. It is also said that there was not sufficient proof of service of the notice. If it could be conceded that appellant was in a position to raise these questions on this record, which can not be, appellant waived such preliminary proof. Appellee produced the notice, and was proceeding to prove service of it, when appellant objected to such proof of service upon Mrs. Laddness, because she was not a party to the suit. Upon the court holding, in effect, that the evidence was competent, counsel said to the court, "the lease to Mrs. Laddness was terminated by this notice," whereupon the notice was admitted in evidence without further preliminary

proof. When the written demands were offered in evidence, counsel for appellant said: "Same objection, as immaterial, to the introduction of this paper. I just make a formal objection." The proof shows that service was in fact made of all these writings. Under the circumstances, the conduct of appellant's counsel having induced appellee's counsel and the court to act upon the assumption that further preliminary proof was waived, appellant can not be heard to complain of the failure to make preliminary proof of the execution of said notice and demand.

It is said, however, that although counsel admitted that the notice terminated the tenancy of Mrs. Laddness, he did not admit that it was thus terminated before the suit was brought. The contention can not prevail. Proof of its service had been made when counsel interrupted and made the admission, upon which court and counsel acted without objection by counsel for appellant. It is, we think, clear, that the admission was made for the purposes of the trial, and counsel for the appellee and the court were justified in acting thereon. Appellant and his counsel having sat by with full knowledge that it was being treated by the court as an admission that the tenancy had been terminated by the notice, before suit brought, ought not now be permitted to gainsay it.

The court determined correctly in refusing to hold the first proposition submitted to be held as the law of the case, for the reason that the same right of entry, by action or otherwise, is given by the statute to the grantee of the lessor as the lessor might have had. (Rev. Stat. chap. 80, sec. 14.) It is undoubtedly true that the entry was made upon the possession of the tenant, and the right of action for forcible entry and detainer became complete in her at the moment of entry by appellant. (*Dudley* v. *Lee*, 39 Ill. 339.) But the same right to terminate the tenancy, and upon its termination to proceed for the unlawful detention of the premises, existed in the grantee as the original landlord might have exercised.

(*Fisher* v. *Smith,* 48 Ill. 184; *Allen* v. *Webster,* 56 id. 393; *Gazallo* v. *Chambers,* 75 id. 56; *Dudley* v. *Lee, supra.*) The right of immediate possession being in the tenant, the action for the forcible entry must be brought by her; but that by no means interferes with the right of the landlord to bring the action of forcible detainer, upon the determination of the tenancy, for any of the causes for which that action will lie under the statute.

A somewhat more difficult question arises upon the ruling of the court refusing the second and third propositions. These propositions may be considered together. It is to be regarded as settled that Mrs. Laddness was in possession of the premises as the tenant of appellee, and that her tenancy was not terminated until after appellant intruded into possession, but was terminated by the notice before mentioned, and by demand, both upon her and appellant, made in writing, before the bringing of this suit. There are many circumstances, as well as proof of admissions by appellant, tending to show that appellant got possession by collusion with Bell, who was in, as we have seen, under Mrs. Laddness. This is denied both by Bell and appellant, and it perhaps can not be said, as the decision does not seem to have been placed upon that ground, that the weight of evidence shows such collusive entry. It would require no argument or citation of authority to sustain the right of appellee, upon the termination of the tenancy, to maintain forcible detainer against the tenant, or any person in possession by, through or under her, who might hold over after the termination of the tenancy.

It is urged that the entry by appellant was peaceable and without force, and under a claim of right to the premises, and, as it is everywhere held the title can not be tried in this proceeding, the action can not be maintained. The evidence shows that appellant had a lease from Clark, who claimed the title; that on the morning of the 9th of June, 1890, he took his household goods to the premises and found Bell mov-

ing out of the house. Mrs. Laddness was absent. He waited until Bell had taken his goods from the house, and immediately moved into it. The question sharply presented is, whether, conceding that the entry of appellant was under a distinct claim of title, and without collusion with the tenant or those holding under her, the right of action is given by the statute to maintain this proceeding against appellant.

By the act of 1845 the right to maintain forcible detainer was given against any person willfully and without force holding over lands, tenements or other possessions after the determination of the time for which the same were let to him or to the person under whom he claimed, after demand made in writing, etc., and the decisions referred to by counsel were mainly made in pursuance of that act. By the act of 1874 (Rev. Stat. chap. 57, sec. 2,) the cases in which forcible detainer will lie were much enlarged. The second clause of section 2 of that act provides that persons entitled to the possession of lands or tenements may be restored thereto in the manner prescribed by the act, "when a peaceable entry is made and the possession unlawfully withheld." That this does not apply to tenants holding over, after the determination of the lease under which they entered, is made apparent by a consideration of the subsequent clauses. The third clause authorizes the action where the entry is made into vacant or unoccupied lands without right or title. The fourth relates to the holding over by a lessee of lands or tenements, or by any person under him, after the termination of the tenancy by its own limitation, "or by notice to quit, or otherwise." The fifth, to the relation of vendor and vendee, and the sixth, to cases where land has been conveyed, or sold under decree or judgment, etc. By the fourth clause every right given by the former statute to maintain forcible detainer, where the relation of landlord and tenant existed, is retained in the present statute. In the fifth and sixth clauses the right is given

where specified contractual relations exist, or the title has passed by deed or by operation of law.

It can not, therefore, be said, that it could have been within the legislative contemplation that the relation of landlord and tenant, or other contractual relation, should exist, to authorize restoration to possession of the party entitled to it under the second clause. The right is given for unlawfully withholding the possession from the person entitled to the same, where the entry has been peaceable. The purpose of the provision is to protect possessory rights in lands and tenements from invasion without force, and the detention of the premises from the person possessing such rights, and to compel resort to legal proceedings to obtain possession of lands or tenements in possession of another, although peaceable entry might be made. It is no answer to say, that a detention of the premises by appellant, after demand in writing to surrender them up, was not unlawful because he entered under and held by virtue of a superior title. What may be proved may be disproved, and if defendant be permitted to show that he entered under superior title, the plaintiff may, by evidence, overcome such proof, and thus the title be involved. This, as we have seen, can not be done in forcible detainer proceeding. In such cases, the right of possession, only, is in controversy. Every detention of the premises, after demand duly made, by persons who have intruded into the possession of another, becomes an unlawful detention, within the meaning of this statute, however peaceably the entry may have been made.

The possession of Mrs. Laddness, in law and in fact, was the possession of her landlord, the appellee. Technically, the right to recover damages for trespasses not affecting the reversion was in the tenant, and, undoubtedly, an action of forcible entry and detainer for the invasion of her right of possession, and the unlawful entry upon the premises by appellant, could have been maintained by her; and it is true,

as suggested, that a right of action by appellee, for the detention of the property, would not accrue until her right of entry into the premises arose upon determination of the lease. But upon termination of the tenancy the landlord's right of restoration to his possession of the demised premises becomes complete, and after demand for possession upon the intruder the detention by him becomes unlawful, and the right of action accrues, under this clause of the statute, for the unlawful detention. It is well settled that no rights can be acquired to the possession by open violence, or by intrigue with those who take possession from the landlord. All such stand in the shoes of the tenant. (*Ballance* v. *Fortier*, 3 Gilm. 291; *McCartney* v. *Hunt et al.* 16 Ill. 76; *Wall* v. *Goodenough*, id. 415.) And in view of this statute it can not be that the right of the landlord to possession must depend upon whether the tenant will bring forcible entry and detainer against the party intruding into the possession, and if he fail or refuse to do so, the landlord be driven to his remedy by ejectment, thereby, in effect, losing his possessory right. We are of opinion that when appellant refused and neglected to surrender possession of the premises to appellee after demand in writing, the detention was unlawful. If he has title to the property he can not be permitted to assert it in this form of action, but must restore the possession wrongfully taken from the tenant of appellee, place her *in statu quo*, and then in some appropriate proceeding assert his title. *Reeder et al.* v. *Purdy et al.* 41 Ill. 279; *Huftalin* v. *Misner*, 70 id. 205; *Doty* v. *Burdick*, 83 id. 473; *State* v. *Eisenmeyer*, 94 id. 96; *Kepley* v. *Luke*, 106 id. 395; *Pederson* v. *Cline*, 27 Ill. App. 250; *People* v. *Leonard*, 11 Johns. (N. Y.) 509; *People* v. *Nelson*, 13 id. 343.

We think the court did not err in its rulings, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*