### John W. Fitzgerald and Elizabeth M. Fitzgerald v. John Quinn.

1. FORCIBLE DETAINER—*Possession—Not Title Involved.*—The right of possession only, and not the title, is involved in forcible detainer proceedings.

2. SAME—*Appeals.*—There is no issue in an action of forcible entry and detainer as to the title of the premises, and appeals are taken to the Appellate Court.

3. SAME—*Entry upon Vacant and Unoccupied Lands.*—An entry upon vacant and unoccupied lands, without right or title, may be either with or without force of arms in order to constitute a forcible detainer after demand for possession.

4. SAME—*Where the Entry is Peaceable.*—Where the entry is peaceable, it is the detention after demand for possession that is wrongful and tortious.

5. FORCIBLE ENTRY AND DETAINER—*Under the Statute.*—Under the third paragraph of Section 2, Chapter 57, R. S., entitled "Forcible Entry and Detainer," an action may be maintained where an entry is made into vacant or unoccupied lands or tenements without right or title.

Forcible Detainer.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

Fitzgerald v. Quinn.

Fry & Maher, attorneys for appellants.

Masterson & Haft, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This was an action of forcible detainer to recover possession of a strip of land twenty-six inches in width at the west or front end of a lot numbered 19, and tapering to the width of twenty inches at the east or rear end of said lot.

Said lot 19 appears by a plat attached to the transcript to be one of several lots forming a subdivision in what is now a part of the city of Chicago, and said strip comprises the north side of said lot.

Next to it is lot 20 in the same subdivision. In the Circuit Court the cause was tried upon the following agreed facts:

" The parties to this suit hereby waive a jury and submit this cause to the court to be tried without a jury, upon the following facts agreed upon:

That upon the 21st day of August, A. D. 1883, the plaintiff, John Quinn, obtained a warranty deed to lot 19, block 2, in James Goodspeed's subdivision of 7.88 acres in the northwest quarter of the northeast quarter of section 9, township 38 north, of range 14 east of the 3d principal meridian, in Cook county, Illinois, from Mary A. R. Harrison, formerly Mary Ann Regina McNamara, and her husband, Robert Harrison, of Fergus Falls, Minnesota, which deed is recorded in the recorder's office of Cook county, as document 503,505, on the 24th day of October, 1883, in book 1428 of records, on page 103, which is here offered in evidence and marked 'Plaintiff's Exhibit A,' claiming title by mesne conveyances from the United States Government. That after the time said deed was so received as aforesaid by plaintiff, the defendant Elizabeth M. Fitzgerald, who is the wife of the defendant John W. Fitzgerald, obtained a deed to lot 20, in block 2, claiming title by mesne conveyance from the United States Government,

in the same subdivision, which is immediately north
of and adjoining said lot 19. That at the time that
said deed was made to the plaintiff, the premises, lot 20, or
the greater part thereof, were inclosed and a house built
thereon, and the same was surrounded by a fence substan-
tially as set down and delineated upon a certain plat of sur-
vey, which is now introduced in evidence, marked Plaintiff's
Exhibit B; said south line of said inclosed premises being
the most northerly of the red lines marked 'fence' on
said plat. That at the time the deed was obtained by the
plaintiff, a fence encircled the entire inclosure north of the
red line and marked 'fence,' in lot 19 and so much of lot
20 as is included in 25 feet north of said line marked
'fence.' That such fence was on the east and west lines,
and also on the north side, and 25 feet north of said line
marked 'fence,' the same constituting one entire inclosure.
That at the time the deed was obtained by the plaintiff
there was upon the premises contained in said inclosure
a two-story frame building, which building was then
occupied by tenants, and continued to be occupied by ten-
ants of parties other than the plaintiff, until the time of the
obtaining of the deed by defendants, upon which date one
of the tenants moved out of the second story of said build-
ing and the defendants moved into said second story; the
defendants having continued to occupy the said building
and the premises inclosed within said fence continuously
from the date of their deed until the date of the service of
process in this case, except as hereinafter stipulated. That
south of and adjoining said house, between the house and
the south fence, was a $2\frac{1}{2}$ foot wide board walk which ex-
tended from the front of said lot to the rear of said lot,
and which was being constantly used by the parties in pos-
session of the premises so inclosed. That the plaintiff never
in fact was in the actual possession of the premises contained
within said inclosure, unless he was in possession by virtue
of his said deed, and the improvement of the street front
of lot 19, and the payment of the taxes thereon since 1883,
A. D. That during all the time from time of the obtain-

ing of said deed by the plaintiff until the date of the commencement of this suit the plaintiff never collected any rents from any of the tenants upon said premises; never leased or attempted to lease the same, but that said premises were leased and the rents therefor collected by persons (other than plaintiff) who held possession of all the premises contained within said inclosure.

That on the 17th of May, 1891, the day before the commencement of this suit, the defendant moved the fence on the south line of said inclosure, bodily toward the north on a line running from a point eight inches north of where it stood on the west line, to the same point where it stood on the east or rear of the lot.

The defendants stipulate for the purpose of this trial only, and not to be used or claimed against them in any other suit, except they shall eventually be found guilty of forcible detainer of the premises in the complaint described in this action, that the north line of lot 19 is the black line running from School street on the west to the alley in the rear, which is the first line north of the north red line marked 'fence' in the plat offered in evidence.

It is further stipulated that lot 19 has never been improved or occupied by plaintiff or his grantors in any way except the street improvements in front, and excepting so much of the same as is described in the complaint as has been fenced in and occupied by the said fence and board walk as hereinbefore stipulated. That said premises were not fenced in by the defendants, but that said fence was there at the time they received the deed to the said lot 20. And that the defendants entered into possession of said premises in a peaceable and quiet manner under the said deed from Taylor to them. The defendants offer in evidence the said deed from Thomas Taylor, Jr., to Elizabeth M. Fitzgerald, recorded in book 2403, at page 354, and make the same a part hereof and mark the same Defendants' Exhibit A. That all of said lot 19 which was south of said fence was at the time plaintiff obtained his deed, what is called open prairie, and has never been fenced or im-

proved in any way, except that the plaintiff has paid for the street improvements in front of said lot 19.

It is hereby stipulated that the summons, the complaint, and the notices, and the returns thereon, may be considered in evidence.

MASTERSON & HAFT,
Plaintiff's Attorneys.
GEORGE C. FRY,
For Defendants."

The question is, mainly, whether forcible detainer will lie.

The action was brought under the third paragraph of Section 2, Chap. 57, Rev. Stat. Ill., entitled "Forcible Entry and Detainer," which reads as follows:

"Sec. 2. The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided.   *   *   *

"Third. When entry is made into vacant or unoccupied lands or tenements without right or title."

It was charged in the complaint:

"That said premises were vacant and unoccupied, and that said John W. Fitzgerald and wife, Elizabeth M., made entry therein without right or title, and now unlawfully withhold the possession thereof from the said John Quinn."

The right of possession only, and not the title, is involved in forcible detainer proceedings. Thomasson v. Wilson, 46 Ill. App. 398, and same case, 146 Ill. 384; Riverside v. Townshend, 120 Ill. 9, and cases too numerous to cite.

Indeed, it is conceded by the appeal to this court, which otherwise should have been taken to the Supreme Court, that the title to the strip is not involved, and appellants on page 12 of their brief say: "There is no issue in an action of forcible entry and detainer as to the title of the premises."

It appears by the stipulation of the parties that the appellee, Quinn, was the grantee of all of lot 19, by deed dated August 21, 1883, and that the appellant, Elizabeth M. Fitzgerald, was the grantee of all of lot 20, by a deed of a subsequent date, and that they, respectively, claimed title to said lots, severally, by mesne conveyances from the

United States; that at the time of the conveyance to appellee, the strip, to which the possession is in dispute, was fenced in along with most, if not all, of lot 20, and was covered at least in part by a board walk, which ran along between the fence and a frame building standing upon lot 20; that at the time lot 20 was conveyed to the appellant, Mrs. Fitzgerald, she, in a peaceable manner, entered, and has ever since been in possession, not only of lot 20 but of said strip, except that just before the commencement of this suit she set back said fence a few inches, as stated in the stipulation of facts; that lot 19 has never been improved or occupied except as to said strip being occupied by said fence and walk, but was, when appellee obtained his deed, what is called open prairie, and the said fence was not put up by appellants, but was there when Mrs. Fitzgerald obtained her deed.

The effect of the admissions in the stipulation is, so far at least as this suit is concerned, to admit ownership by each party of the lots conveyed to them severally, and to concede title to each, and to submit the issue of right of possession alone.

In the nature of things, that part of lot 19 which is in the possession of appellee, having never been improved, but always having lain open as prairie land, it became encroached upon by some grantor of appellant, either immediate or remote, to the extent of the strip in question, when the fence and walk were constructed, and such encroachment was an entry upon vacant and unoccupied lands, and if made without right or title, comes directly within the contemplation of the statute.

There is no pretense that appellants ever had any right, except of possession to the strip. Now, lot 19 always having been open and unoccupied, except as to the strip, and no claim of entry by right of title by the appellants, or by any one under whom they claim, being claimed, it seems very clear that their possession to the strip, although taken peaceably, was unlawful, and became a forcible detainer, even though there was no forcible entry by them, just as soon as the demand for possession, and a refusal, were made.

Where no question of title is involved, the entry upon vacant and unoccupied lands without right or title, may be either with or without force of arms, in order to constitute a forcible detainer after demand for possession. It is the detention, after demand, where the entry was peaceable, that is wrongful and tortious, and it seems that the statute was designed for just such a case. Thomasson v. Wilson, 46 Ill. App. 398.

We will not discuss the various objections urged by the appellants to the findings of fact and of law by the Circuit Court, where the cause was tried without a jury. The result being right it is not material whether the reasons for it were proper or not.

The question of whether the action of forcible entry and detainer will lie in a case like this, is one of much collateral importance, and should be authoritatively settled, notwithstanding our view is believed by us to be correct. Affirmed.

Mr. Justice Gary dissents.