### M. Born & Company v. James W. Stafford.

1.   LANDLORD AND TENANT—*Denial of the Landlord's Title.*—It is a settled rule of law that a tenant can not dispute his landlord's title but he may show that the interest of his landlord in the leased premises has terminated.

Action for Rent.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 15, 1901.

EDWARD N. D'ANCONA, attorney for appellant.

CHARLES C. STILWELL and H. W. WELLS, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.
April 21, 1894, the appellant (then a firm, now a corporation) and the appellee were lessees (having the same landlord), each of a part of the four-story building known as

numbers 468 to 476 South State street, Chicago. That part of the building of which appellant was lessee was the store and basement number 276 and the appellee was lessee of the second, third and fourth stories, used as a hotel. The store of appellant adjoined one of the stairway entrances to the hotel. The term for which appellant had leased the store expired April 30, 1899, and the term for which appellee had leased the hotel terminated April 30, 1897. The 21st of April, 1894, appellee leased to appellant for a term ending April 30, 1897, that portion of said premises described as "That entrance known as number 276 South State street and stairway leading upstairs from the street."

February 19, 1897, appellee made another lease whereby he leased from the same landlord said hotel by the same description as in the former lease thereof, for the further term of two years, i. e., until April 30, 1899. No lease was made by appellee to appellant of said stairway entrance, other than the lease which terminated April 30, 1897.

After the leasing by the appellee to the appellant of the stairway entrance, the appellant removed the partition and stairway and thus enlarged the store occupied by appellant. The rent agreed upon was paid by appellant to appellee to April 30, 1897. Since that date appellant has continued to occupy the entrance space leased from appellee, but refuses to pay any rent therefor to appellee and has not paid any such rent to any one. Upon the trial in the court below a jury was waived and a finding made by the court and judgment entered thereon for the sum of $500.

The position of counsel for appellant is that whatever right the appellee had to the space included in the lease from appellee to M. Born & Co., dated April 21, 1894, was abandoned and surrendered by him and such right extinguished, by the termination of his first term and the leasing for a second term.

In the lease from appellee to appellant it was agreed by appellant that possession of said stairway entrance should be surrendered to appellee at the expiration of the term

thereby granted, in as good state and condition as at the commencement of the term. But the partition and stairway removed by appellant have never been restored or replaced. Appellant has therefore never been in a position to perform that part of its covenants.

It is conceded by appellant that it is a settled rule of law that a tenant can not dispute his landlord's title. But it is contended that to this general rule there is the exception that a tenant may show that the interest of the landlord in the property has terminated. That exception is sustained in this State. St. John v. Quitzow, 72 Ill. 324; Corrigan v. City, 144 Ill. 537, 547.

If the stairway entrance space is included in the second lease of the hotel to appellee, then it is practically immaterial whether the right of appellee was or was not extinguished by the termination of his first lease. If the right of appellee was not thus extinguished he might recover rent from appellant as a holdover. If it was, then he had the right to recover rent as grantee of the landlord. Rev. Stat. of Ill., Ch. 80, Sec. 14; Thomasson v. Wilson, 146 Ill. 384, 389; Barnes v. N. Trust Co., 169 Ill. 112, 117.

That the stairway entrance space was included in the second lease we do not doubt. There was never any lease of that space to appellant except the lease by appellee. Appellant did not have a lease from the landlord of the store in the condition it was after the removal of the partition and stairway. It does not appear that the landlord ever claimed a right to the possession of that space or to the rent thereof. In the second lease to appellee the premises were described precisely as in the first lease. There is no equity in the contention of appellant and it is not supported by the facts or the law. The judgment of the Circuit Court is affirmed.