[No. 5212.]
[No. 2824 C. A.]

MAGEON v. ALKIRE.

1. **Landlord and Tenant—Forcible Entry and Detainer—Persons Entitled to Sue.**

Mills' Ann. Stats, § 1973, subd. 5, provides that any person shall be deemed guilty of unlawful detainer, when as a tenant he holds over without his landlord's permission, contrary to his agreement, after three days' notice in writing requiring delivery of possession. Held, that where a tenant covenanted that it should be lawful for the landlord to enter for breach of any of the covenants of the lease and to remove any person occupying

the premises and repossessing them as of his former estate, and the tenant held over after notice to quit and after lease to another for the ensuing term, the landlord was entitled to sue for unlawful detainer, both under the lease and under the statute, though the right of action for forcible entry was in the new lessee; nor can such tenant be allowed to defend against her own contract upon the ground that a second lease has been executed.—P. 342.

2. **Landlord and Tenant—Renewal of Tenancy by Payment of Water Rent.**

A tenant was charged by mistake and paid water rent for a term extending one month beyond the termination of her lease, such payment being made before a breach of the terms of lease by her holding over after the term. Held, that such payment was insufficient to renew the tenancy under the rule that, in order that the receipt of rent shall operate as such renewal, it must accrue after forfeiture and have been received by the landlord with knowledge thereof.—P. 343.

3. **Evidence—Parol Evidence to Vary Written Contract.**

Where a written lease was for three years, parol evidence was inadmissible, on the ground that the lease did not cover the entire contract, to show a prior agreement that the term should be five years instead of three, since it would contradict the express term by the contract.—P. 344.

4. **Practice in Civil Actions—Direction of Verdict.**

Where, in an action for unlawful detainer, there was no evidence which should have gone to the jury, nor any matter presented for the jury's determination which would deprive the landlord of his right of re-entry and possession under the terms of a written lease, the court properly directed a verdict for plaintiff.—P. 345.

*Appeal from the County Court of Arapahoe County (now City and County of Denver).*
*Hon. Ben B. Lindsey, Judge.*

Action by John D. Alkire against E. A. Mageon. From a judgment for plaintiff, defendant appeals.
*Affirmed.*

Messrs. THOMPSON & CHILES, for appellant.

Mr. GEORGE STIDGER, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

This was an action by appellee, as plaintiff below, under the Forcible Entry and Detainer Statute, to recover possession of a certain storeroom known as the Alkire Block.

The complaint sets forth a certain lease whereby the above premises were leased and demised by plaintiff as lessor to defendant as lessee, for a term of three years, from April 1, 1899, to April 1, 1902, at a stated rent in cash per month and all assessments for water rents, as the same became due, that were levied upon the premises during the continuance of the lease. Also all charges for heating and lighting.

The complaint alleges that the plaintiff served upon the defendant a certain notice in writing prior to the expiration of the lease, demanding the premises at such expiration, and also demanding in writing the possession of the premises by a notice served the day following the expiration of the tenancy under the lease and in accordance with the requirements of the statute. There was also the usual allegations that the defendant was detaining the premises wrongfully, unlawfully, and by force, contrary to the terms of the lease and without the consent of the plaintiff.

The answer admits the execution of the lease, and alleges that prior to the making of the same, there was a certain contract between the parties whereby the lessee was to have possession of the premises for five years, and that she entered into possession of the premises relying upon such promise, and that the plaintiff had, prior to and at the time of the execution of the lease, promised that she should have such possession for the term of five years

unless he might desire to sell the premises or tear down the building then situate thereon; that the rent for such further term should not exceed that mentioned in the lease; that some months prior to the expiration of the tenancy, under the terms of the lease, defendant paid $8.75 for water rent for the premises, being for the term of six months expiring on the 1st of May, 1902; that prior to the bringing of the action the plaintiff had leased the premises to the Daniels & Fisher Stores Co., which was at the time of the bringing of the action the lessee and entitled to bring suit for the possession. It admits the withholding of the premises, but claims that such withholding is lawful and with the consent of the plaintiff.

No objection is made to the form of the complaint or notices, and the defendant relies mainly upon the allegations that plaintiff was not the proper party and could not recover under this action and upon the collateral contract, so-called, and upon the fact that the lease was extended by the payment of water rent alluded to. Appellant claims that only the lessee named in the Daniels & Fisher lease was entitled to bring suit, being a tenant with right of possession and being the only person who had the lawful right to such possession.—Mills' Ann. Stats., § 1972.

Appellant relies upon the case of *Dudley v. Lee,* 39 Ill. 339, and other cases announcing the same doctrine. In *Thomasson v. Wilson,* 146 Ill. 384, the supreme court of Illinois, having under consideration a question similar to the one at bar and discussing the principles involved in *Dudley v. Lee,* says: "It is undoubtedly true that the entry was made upon the possession of the tenant, and the right to action for forcible entry and detainer became complete in her at the moment of entry by appellant.—*Dudley v.*

*Lee,* 39 Ill. 339. The right to immediate possession being in the tenant, the action for *forcible entry* must be brought by her; but that by no means interferes with the right of the landlord to bring the action of forcible detainer upon the determination of the tenancy for any of the causes for which that action will lie under the statute.''

We may well agree with the conclusions of that court, and other like decisions presented by appellant, that the forcible entry which disturbs the possession of the tenant, can be complained of by the tenant or by a lessee entitled to possession. The doctrine is recognized in this state.—*Weir v. Bradford,* 1 Colo. 14-17; *Potts v. Magnes,* 17 Colo. 364; *Kelley v. Andrews,* 3 Colo. App. 124.

We further agree with the conclusions of the Illinois court that the landlord or owner of the property is not thereby inhibited from bringing a suit for unlawful detention, and hold that this action was properly brought by plaintiff under our statute. Such an action is especially authorized by paragraph 5 of § 1973, Mills' Ann. Statutes. By the terms of the lease between the parties set forth in the complaint, the appellant especially agreed that the plaintiff below, as lessor, was lawfully entitled to the possession when any of the covenants of the lease were broken. She agrees by the terms of the lease to surrender and deliver up the premises described, peaceably, to the party of the first part immediately upon the termination of said term, and if she shall remain in possession of the same after the termination of the lease, she shall be deemed guilty of a forcible detainer under the statute, waiving all notice, and subject to eviction and removal, forcible or otherwise, with or without process of law.

She further covenants by the lease that it shall be lawful for the lessor, upon the default of any of

the covenants or agreements contained therein, either with or without process of law, to re-enter and to expel, remove and put out, any person or persons occupying same, and to repossess and enjoy the premises as in his first and former estate.

The Daniels & Fisher Stores Company was not a party to this contract contained in the lease, nor can the lessee be permitted to defend against her own contract upon the ground that a second lease has been executed. Clearly under the conditions of the lease and under the statute the plaintiff was entitled to maintain the action.

Our attention has been called to some decisions in this state in support of the claim that the payment of water rent beyond the term of the lease was sufficient to renew the lease, and that such evidence should be submitted to a jury. *Zippar v. Rippy,* 15 Colo. 260, and other cases are cited, but an examination of the cases will disclose that the tenant held over with the *consent* of the landlord, and the receipt of rent under such circumstances was sufficient to renew the tenancy. The cases are not in point.

We cannot agree with the contention of appellant that the payment of water rent, under the circumstances disclosed in this case, was sufficient to renew the tenancy. The lease expired April 1, 1902. The water rent was due for all the premises Nov. 1, 1901. The plaintiff testifies that he paid the water rent when it became due and apportioned the amount due from each among his various tenants, and by an oversight the defendant paid for one month more than she should have paid. This evidence is undisputed. In *Silver v. Campbell,* 84 Cal. 422, the court says:

"To make the acceptance of rent a waiver of a forfeiture in a case where the lease provides for re-entry in the event of a breach of the obligation, it

must appear that the landlord had knowledge of the fact that the condition was broken at the time he accepted the rent, and it must further appear that the rent which he accepted became due after the breach was committed by the tenant.''

In 18 Am. & Eng. Enc. Law, page 385, it is said:

''The rule is well settled that the receipt of rent accruing after the cause of forfeiture, with knowledge of such cause, is a waiver of the forfeiture.'' Citing many cases.

We think that is the correct rule. In the case at bar the conditions of the lease were not broken at the time the water rent was received, and this water rent did not become due after the breach was committed by the tenant. It was due in advance under the terms of the lease and before the expiration of the tenancy.

Some evidence, other than the payment of the water rent, was offered in support of the alleged contemporaneous agreement. Much of the evidence offered consisted of conversations subsequent to the execution of the lease, and was excluded upon the ground that it was not in support of the pleadings. We think it was properly excluded, and further think that had it been received it could not have changed the result in this case. In respect to the evidence as to conversations prior to and at the time of the execution of the lease, appellant recognizes that ''parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a written instrument,'' but contends that the verbal contract sought to be proven was not to vary or contradict the terms of the lease, but that the lease did not cover all the contract between the parties. We do not think the testimony can be so construed. Practically the only point contended for was that the lease, by virtue of the verbal agreement, was for five years

instead of for three, as recited in the lease. We think any evidence upon this point would have no other effect than to contradict the conditions of the lease relating to the length of the term.

At the conclusion of the testimony the trial court directed a verdict for the plaintiff. The record does not disclose that there was any evidence which should have gone to the jury, nor that any matters were presented in this case for the determination of a jury which should deprive the landlord of his re-entry and possession under the terms of the lease itself. The action of the court in this respect was correct, and the judgment is affirmed.   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.