## Charles Haas, Appellee, v. Andrew T. Juul et al., Appellants.

### Gen. No. 17,096.

1. FORCIBLE DETAINER—*when possession does not give rights.* In an action of forcible detainer, where defendant, foster mother of the wife of plaintiff's grantor, lived in the house as a member of the family after the grantor had conveyed the premises to plaintiff, and continued in possession under a lease from plaintiff, her possession is not distinct and hostile to that of plaintiff.

2. EVIDENCE—*what properly excluded in forcible detainer.* In forcible detainer, evidence that defendant advanced one-half of the purchase price when plaintiff's grantor purchased the premises and one-half of the cost of improvements, and that the grantor made a declaration of trust in her favor, is properly excluded because it does not tend to show a possessory right and defendant cannot raise question of title.

3. TRUSTS—*when one claiming under a secret trust permits conveyance.* Where one claiming an interest in certain property through a declaration of trust permits a conveyance without giving notice to the grantee of her interest, she is estopped from asserting her claim.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 25, 1913. Rehearing denied April 1, 1913.

RAY & PEASE, for appellants.

MICHAEL D. DOLAN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action of forcible detainer brought by appellee, Haas, against Andrew T. Juul, his wife and Ellen M. Magnusen, resulting in a judgment for Haas from which Magnusen alone appealed. Upon the suggestion of her death a substitution of parties has been made.

In support of his right to possession, Haas made

proof of the following conveyances of the premises in question, to-wit, a trust deed executed by said Juul in 1904; a master's deed to Haas, dated May 12, 1907, obtained through foreclosure of said trust deed; a quitclaim deed to Haas from Juul and wife, dated May 12, 1908; and a lease from Haas to Juul, dated May 18, 1908. Juul defaulted in the payment of rent, and the proceedings were commenced in August, 1909, after due service of a five-day notice on said defendants.

The only evidence received in support of Magnusen's right of possession was that she had lived for thirty years in the house in question and that it was moved on the land in question prior to the date of said trust deed.

In view of the fact that she was the foster mother of Juul's wife and continued to live in the family with them without giving notice or making assertion of any claim to the premises on her part, and shared their occupancy with knowledge, actual or constructive, that Juul during that time had, after asserting title to the premises, parted with it to appellee and later had leased the premises from him, her possession, being thus used and enjoyed in common with Juul, could not be said to be distinct and hostile to that of appellee. Truesdale v. Ford, 37 Ill. 210.

She offered to show that she advanced one-half of the purchase price of the premises when purchased by Haas, and one-half of the cost of the improvements subsequently made thereon; and also offered in evidence a declaration of trust by Juul in her favor, dated April 30, 1909, and recorded May 5, 1909, setting forth her interest as aforesaid.

The evidence so offered was properly excluded. So far as it attempted to raise a question of title it could not, of course, be permitted in this form of action; and so far as it tended to show a possessory right, it was properly rejected. If such agreement with Juul was the result of an intrigue to take possession from the landlord, then she stood in the tenant's shoes.

Thomasson v. Wilson, 146 Ill. 384. If not, then it was a secret trust which, under the circumstances, she was bound to disclose, and after standing by without giving notice thereof and permitting her trustee thus to deal with appellee she was estopped from asserting her claim. Pratt v. Stone, 80 Ill. 440; Clark v. Morris, 22 Ill. 434.

*Affirmed.*